## HAMEL *a.* GRIMM.

*Supreme Court, First District; Special Term, March,* 1860.

CAUSE OF ACTION.—RELIEF AGAINST JUDGMENT.—COMPLAINT.

An action to set aside a judgment on the ground of its being contrary to equity, cannot be maintained unless the party was ignorant of the fact relied on, pending the suit, or it could not have been received as a defence, or he was prevented from availing himself of the defence by fraud or accident, or by the act of the opposite party, unmingled with negligence or fraud on his part.

A complaint in such an action, resting on the fact that the judgment recovered was based on the testimony of the adverse party, that an instrument in question which was lost was a mortgage, whereas it had since been found and proved to be absolute,—is not sufficient to show a cause of action, unless it also states that upon the trial the party did not know its contents, or that he offered himself as a witness.

Demurrer to complaint.

The plaintiff in his complaint alleged the following facts: In the month of January, 1856, Hamel owed Grimm $400, and in payment of the debt sold Grimm the fixtures and stock of a grocery store, and executed a bill of sale therefor; that immediately thereafter Hamel entered into the employment of Grimm as his clerk in attending such store; that in December, 1856, such stock of goods was taken by Lockwood, a constable, upon an execution issued upon a judgment in favor of one Eagan against Hamel, and sold; that Grimm brought an action against Lockwood and Eagan in the Marine Court of the

city of New York, in trespass for the conversion of the goods, and recovered a judgment for the sum of $375.04.

That on the 20th day of April, 1858, Grimm commenced an action against Hamel in the seventh judicial district court for the city of New York, to recover the original debt of $400, which Hamel alleged he paid by the sale of his stock of groceries; that the trial of this action resulted in a judgment of $223.75 in favor of Grimm. The complaint further alleged that this judgment was unfairly obtained by the false testimony of Grimm and another witness, to the effect that Grimm did not take a bill of sale of said goods in payment of such debt; but that the paper he received at the time referred to was a chattel mortgage only for the security of the debt; that this question of fact was the turning point in the case; that at the time of the trial in the district court, the bill of sale could not be produced as it had been lost; but having since been found, Hamel asked that the judgment of the district court be set aside and a new trial awarded, as he could get relief in no other manner. The complaint also alleged, that since the last judgment was obtained, Grimm had released Eagan from the judgment in the Marine Court, which had the effect to release Lockwood. And the plaintiff asked that Grimm be compelled to account for what he had received from Eagan, and to satisfy the judgment obtained in the district court.

*George Carpenter*, for the plaintiff.

*E. W. Dodge*, for the defendant.

INGRAHAM, J.—All the causes of action set out in the complaint are defective, except the first.

It is there alleged that the plaintiff was unable to give in evidence a bill of sale upon the trial, which was in possession of the defendant's counsel, and that upon the trial, the defendant testified that it was only a mortgage. That since the trial the bill of sale has been found, and that it is not a mortgage.

It is not alleged that upon the trial the plaintiff did not know its contents, or that he offered himself as a witness to that effect. The mere loss of the paper did not relieve him from the obligation to give all the evidence in his power.

If he had testified, and there had been a difference between the testimony of the parties, then the discovery of the paper might be newly-discovered evidence, so as to warrant granting a new trial. But if he knew of the contents of the paper, and did not give testimony as to its contents, it is too late now to ask the court to relieve him from the judgment.

In Larning *a.* Eddy (1 *Johns. Ch.*, 49), the chancellor says: "This court will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question pending the suit, or it could not have been received as a defence."

The same principle is stated in Foster *a.* Wood (9 *Johns. Ch.*, 87), with the additional exception, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmingled with negligence or fraud on his part.

The plaintiff, before he is entitled to the relief sought for, should bring himself within these cases, either by showing his ignorance of the facts in question at the trial, or excusing the non-production of parol evidence on his part, or in some other way to relieve himself from the obligation, to avail himself of all the means in his power, to succeed upon the former trial.

He may so amend his complaint; but in its present form, I do not think him entitled to the relief he asks for.

Judgment for the defendant on demurrer, with leave to plaintiff to amend on payment of costs.

---

## MILLS *a.* VAN VOORHIS.

*Court of Appeals; December*, 1859.

PARTIES IN FORECLOSURE.—DOWER.—SPECIFIC PERFORMANCE.—
COMPENSATION.—PARTIAL PERFORMANCE.

In foreclosing a purchase-money mortgage, the wife of the mortgagor is a necessary party.

The provision of 1 Revised Statutes, 741, § 5—that the wife is not entitled to dower