### HELEN L. SMITH *vs.* INHABITANTS OF HOLYOKE.

At the trial of an action for a personal injury, the defendant put in evidence tne plaintiff's
receipt for a sum of money in full satisfaction, and proved the payment by him of such
a sum. The plaintiff testified that the receipt was obtained by fraud ; that she did not
know its contents till it was read in evidence, and that she thought the money was given
her upon another account; and during the defendant's argument to the jury she offered
to return it, and made a tender of it with interest: *Held,* that the offer to return, if
such an offer was necessary, was seasonably made.

A plaintiff, to contradict a defendant's witness, was permitted to testify to the contents of
letters, written to her by the witness, which she said she had destroyed, as she "had
no further use for them," and "supposed they were of no consequence : " *Held,* that the
reason given for their destruction justified the presiding judge in finding as a matter of
fact that they were not destroyed with a fraudulent or improper intent.

TORT for an injury alleged to have been received by the plain-
tiff, February 20, 1870, througn a defect in a highway, in Hol-
yoke.

At the trial in the Superior Court, before *Allen*, J., the defendants admitted the obligation of the town to keep the highway in repair, and claimed that if any injury had been suffered by the plaintiff, she had been paid and fully satisfied for the same ; and, by the consent of the plaintiff, filed an additional answer alleging payment and satisfaction, and setting forth the following receipt :

" Vergennes, Vt., June 22, 1870. Received of the town of Holyoke, Mass., one hundred seventy-six dollars, being in full payment of all claims and demands, of whatever name or nature, to this date, but more particularly for damages and injuries sustained by reason of defective highway on Main Street, in said Holyoke, on the twentieth day of February, 1870, or thereabouts. Helen L. Smith. (Witness) Mrs. Mary Smith."

There was evidence tending to show that in June, following the accident, while the plaintiff was at her home in Vergennes, Vt., she was called upon by Mr. Corser, one of the selectmen of Holyoke, when he paid her $176 of the money of the town, to settle for her damages, and the instrument above set forth was signed by her.

The plaintiff claimed that the instrument was obtained from her by the false representations of Corser, made at the interview in Vergennes. Upon this point the evidence was contradictory.

The defendants objected to all conversations or statements had or made at that interview, tending to control or modify the written instrument.

The plaintiff's counsel then said he did not offer the evidence to control, enlarge or alter the written instrument, but only put in the conversation and acts of Corser to show that the instrument was obtained by fraud.

The plaintiff was allowed to testify that Corser came to her mother's house, where she was, and said that he was in town on business, and thought he would call and see her, and see how she got along ; that he felt sympathy for her, on two grounds : first, because Mrs. Wait had represented her to be a worthy girl, and he had no doubt she was ; and secondly, because she had no legal

claim on the town; that the town was not liable, but that the Methodist church was alone liable, as the accident happened on the land of the church; that the church was poor, and she could get nothing out of them; that he wanted she should have something, and would pay her at the rate of $5.50 per week for the four months past, and for the same time to come, and this would be a gift and present to her, and asked her if that would satisfy her; that she said as it was a gift it was not for her to say, but she would be thankful for what he should give her; that he said he had just experienced religion the week before, and joined the Baptist church; that he should want a receipt to show to the town for the money, and asked for a pen and ink to write it; that he gave her the " Watchman and Reflector " to read while he wrote the receipt; that she read the newspaper while he wrote, and he handed the receipt to her when written to sign; that she, believing from his representations that it was a receipt for the money as a gift, signed it without reading it or hearing it read; that she was in a state of surprise all the time Corser was there; that she never knew the contents of the paper until it was read in the trial; that she was induced to sign it wholly upon the representations of Corser; that $5.50 per week was the amount of wages she earned before the injury, and she supposed it was only a gift of her wages for eight months. This evidence was denied by Corser.

The judge admitted this evidence only so far as it might bear upon the question of fraud, and instructed the jury that it should be considered only so far as it bore on that question. The court gave instructions, which were not excepted to, as to what would constitute fraud, and also gave instructions, which were not ob-'ected to, as to what part of the evidence in the case properly bore upon the issue of fraud, and instructed the jury that such of the evidence as did not properly bear upon the issue of fraud under the instructions should be disregarded, and further instructed the jury that the plaintiff was bound by the settlement and the instrument she had signed, unless they were obtained by fraud, and that she could not alter, vary or control the instrument by any parol evidence. Other instructions, applicable to the case, and which were not excepted to, were also given.

The defendants requested the court to instruct the jury that the plaintiff, having received the sum of $176 of the money of the town, could not maintain this action without returning it. The judge declined so to rule. During the argument of the counsel for the defendants, the plaintiff offered to return the money with interest from the date of the payment, and made a tender of it.

The plaintiff, to contradict certain evidence given by one of the selectmen of Holyoke who testified for the defendants, was interrogated as to the contents of certain letters, which she said were destroyed, written to her by him. Upon inquiry by the counsel for the defendants, why they were destroyed, she made no reply. In answer to the counsel for the plaintiff, she said : " I had no further use for them. I supposed they were of no consequence." The defendants asked the court to exclude her testimony as to the contents of the letters, but the judge declined, and the evidence was given. The defendants asked the court to instruct the jury that none of the conversation at the interview in Vergennes, in reference to the payment being a gift or present, should be considered by them. The judge declined to give such instruction, but instructed them that the acts and conversations were only to be considered upon the question of fraud under the instructions given.

The plaintiff asked the court to instruct the jury, after ascertaining the damages, to deduct therefrom the amount she had received, with interest. The court asked the defendants' counsel if he agreed to this, but he objected, and the instruction was not given.

The jury returned a verdict for the plaintiff for $3000, and the defendants alleged exceptions.

*E. B. Gillett,* (*H. B. Stevens* with him,) for the defendants. The compromise having been avoided by the plaintiff, on the ground of fraud in obtaining it, she cannot maintain the action without first paying back the money received in settlement. *Kimball* v. *Cunningham,* 4 Mass. 502. *Conner* v. *Henderson,* 15 Mass. 319. *Coolidge* v. *Brigham,* 1 Met. 547. The money must be returned within a reasonable time after the fraud is discovered.

The plaintiff must, in the nature of things, have discovered the fraud before commencing the action, otherwise she would not have brought it. The jury were precluded by the instructions of the court from finding that she knew of it for the first time at the trial.

The evidence of the contents of the letters should have been excluded. *Joannes* v. *Bennett*, 5 Allen, 169, 173. *Blade* v. *Noland*, 12 Wendell, 173.

*G. M. Stearns & M. P. Knowlton*, for the plaintiff, were not called upon.

GRAY, C. J. Upon the testimony of the plaintiff that she did not know the terms of the paper signed by her until it was read at the trial, the offer to return the money paid her was made within a reasonable time, if any return was necessary.

The plaintiff's testimony as to the reasons for destroying the letters was sufficient to warrant the presiding judge in finding, as matter of fact, that they were not destroyed with any fraudulent or improper intent. *Oriental Bank* v. *Haskins*, 3 Met. 332. And his finding upon that question of fact cannot be revised by this court. *Exceptions overruled.*