## The Michigan Central Railroad Company v. Emily Dunham.

*Settlement: Rescission: Written contract: Fraud: Evidence.* Where one who has been injured by a railroad accident and settled her claim for damages and given a receipt in full, has repudiated and rescinded the settlement for fraud, and brought suit for the original injury, evidence of the representations and promises under which the receipt was obtained ought not to be excluded on the objection that it tended to vary a written contract by parol evidence.

*Settlement: Fraud: Acquiescence: Making use of money received: Waiver: Affirmance.* In such an action a modification of a request to charge, that an acquiescence in the settlement by using the money, or any portion of it, after the discovery of the alleged fraud would defeat the plaintiff's right of action, by adding the proviso: "unless you find that she made a tender, or returned the money, or offered to make a tender and was prevented from completing it by the acts of defendant or its agents," is not error; this addition was necessary to prevent the inference to which the request was open, that a use of the money, although defendant had refused to receive it back, would operate as a waiver of the fraud and an affirmation of the settlement.

*Rescission of contract: Refunding of money: Delay.* Where the adverse party upon rescission is entitled only to a refunding of money, and no action or right is otherwise involved, a delay of only three days, even with the fullest knowledge, would be immaterial as bearing upon the question of acquiescence or of waiver of fraud.

*Rescinding contract: Tender: Fraud: Waiver: Acquiescence.* In tendering back money for the purpose of rescinding the arrangement under which it had been received, it is immaterial whether the bills tendered back are the identical ones received or not, since in law one dollar in money is the equivalent of any other dollar; nor was the previous use of fifteen dollars, out of the hundred received, a matter of any consequence.

*Settlement: Fraud: Husband and wife.* The evidence in this case tended to show that promises and representations were made upon the settlement which are not embodied in it, and which would be rendered nugatory by the acceptance of it; and the manner of doing the business is held open to criticism under the rules protecting the wife from the controlling influence of her husband in their joint dealings with third persons.

*Receipt: Damages: Railroad accident: Injury.* Whether a receipt "in full for all damages or injuries resulting from said accident to us, or either of us, or to our children," attached to a statement of account in the form of a bill, reciting the accident, and signed by the plaintiff and her husband, would, in the absence of fraud or any facts impeaching its validity, be an absolute bar to the plaintiff's right of action for the injury:—*Quære?*

*Heard July 16.    Decided July 24.*

Error to Jackson Circuit.

*Higby & Gibson,* for plaintiff in error.

*G. H. Wolcott* and *A. Blair,* for defendant in error.

CAMPBELL, J.

On the 24th day of February, 1873, an accident occurred on the Jackson, Lansing & Saginaw Railroad, under control of the Michigan Central Railroad Company, whereby the defendant in error (who was accompanied by a son who was young, and a married daughter with her child) received injuries. The accident occurred at an early hour in the morning. The train, with defendant and others on board, returned to Jackson, and she was taken home not far from 8 o'clock A. M. About ten o'clock certain persons acting on behalf of plaintiff in error went to her house, and under circumstances which are detailed in the bill of exceptions, procured the execution of a paper drawn up by one of them at that time in the following language:

" Michigan Central Railroad Company, to Emily and George Dunham, Dr.

Feb. 24, 1873. To all damages from accident on Jackson, Lansing & Saginaw Railroad by car running off track February 24, 1873, by which Mrs. Emily Dunham received injuries;—  .  .  .  .  .  .  .  .  $100.

" This receipt is in full for all damages or injuries resulting from said accident to us, or either of us, or to our children.

" Received of the Michigan Central Railroad Company, one hundred dollars in full of the above.

" (Signed),        EMILY DUNHAM,

GEORGE $\overset{\text{his}}{\times}$ DUNHAM.
<br>mark.

" Witness, Lucy Howard."

On the 27th of February Mrs. Dunham, through an agent, offered to return the one hundred dollars, which offer was refused. She then sued the company, and the jury rendered a verdict in her favor of three hundred and seventy-five dollars. Error is brought into this court, and the questions presented grow out of this document.

Two points are relied upon. The first is that the court

erred in refusing to charge the jury as requested, that it was not competent to show any verbal condition or reservation made at the time, and not appearing on the face of the paper, and that such evidence could not be considered, the paper being a contract and not subject to variation by parol evidence.

We find no attempt on the part of Mrs. Dunham to set up any such variation. She relied on no contract, but repudiated any supposed arrangement altogether. But the court went to the full length requested, by charging that the receipt would be an absolute bar, unless nullified by such fraud as would render the settlement void, or by other facts which would prevent it from being her act in law. The charge very clearly gave the jury to understand that if the receipt was of any validity at all as an agreement or settlement, it was a complete defense. We can see nothing in the evidence or in the charges given or refused which could make the omission to give that particular instruction either erroneous or important.

The whole controversy was, really, whether any legal settlement had been made at all. The court could not, on any correct ground, exclude from the jury the evidence, which was largely from defendant's own witnesses, concerning promises and assurances not secured or covered by the receipt, as directly bearing on the question of fraud, and on the other questions touching the knowledge and assent of Mrs. Dunham as to the terms of the supposed settlement.

The other error urged is the modification of a request concerning the duty of Mrs. Dunham in rescinding. The request asked was as follows:

"To avoid the contract of settlement and the receipt given, on the ground that they were obtained by fraud, the plaintiff was bound, as soon as she discovered the alleged fraud, or became conscious of its existence, to have rescinded the contract, and restored the money she had received. And if you shall find that she acquiesced in the settlement, by using the money she had received from the defendant,

or any portion of it, or otherwise, after she knew of the fraud, or became conscious of its existence, then she is not entitled to recover in this suit, and your verdict should be . for the defendant." This was given with the following modification added: "Unless you shall find that she made a tender, returned the money, or offered to make a tender, and was prevented from completing it by the acts of the defendant or its agents."

This addition was necessary to prevent the inference that a use of the money received from the railroad company, although they had refused to receive it back again, would have amounted to a waiver of the fraud and an affirmation of the settlement. The charge as requested was open to that inference, and required further explanation.

We have failed to find any thing in the remainder of the charge which would render this charge as given likely to mislead the jury. And if it contained any error it was in allowing the jury to consider the question of waiver at all, as we have discovered no testimony which bears in that direction. When the adverse party upon rescission is only entitled to a refunding of money, and no action or right is otherwise involved, so short a delay as occurred here could not under any circumstances be considered as material, with the fullest knowledge. And it cannot be seriously urged that it makes any difference whether the bills tendered back are the identical bills received. In law one dollar in money is the equivalent of any other dollar. The previous use of fifteen dollars of the hundred received, was not, therefore, of any consequence. It would have been contrary to justice if the jury had been led to regard the three days' delay and the spending of that portion of the money, as decisive or important, if they also believed there had been no intelligent and valid settlement.

It was urged that the verdict of the jury, considered in the light of the evidence, showed that they must have been misled by these charges. As this is strongly enforced by the claims in the argument, we may perhaps be required

to scan the record to discover whether it justifies that assertion. We are constrained to say that we cannot conceive how the jury, upon the facts shown on either side, could have sustained the settlement. The witnesses are almost if not quite unanimous in testifying that promises and representations were made which are not embodied in, and which would be rendered nugatory by the acceptance of the settlement. It was made under such haste and pressure as were quite likely to mislead; and Mrs. Dunham was neither the moving party, nor apparently regarded as the person to be chiefly consulted. Under the rules of law which generally preclude the husband and wife from making joint contracts with third persons, and which aim to remove the wife from his controlling influence in such dealings, the manner in which this business was done was open to criticism, and it might have been worthy of consideration, had the verdict been otherwise, whether the effect of the written document was such as it was assumed to be.

We think there was no error, and the judgment should be affirmed, with costs.

The other Justices concurred.