## THERON E. HALL *vs.* INHABITANTS OF HOLDEN.

Worcester.    October 8. — 24, 1874.    COLT & MORTON, JJ., absent.

A vote of a town to refund money paid to its agent on a condition, and by him wrongfully delivered to the town treasurer, is an express promise for a valuable consideration, and is competent evidence in an action against the town for money had and received.

A town, into whose treasury money belonging to a person has been wrongfully paid by a town agent, to whom it was given by the person on a condition, may lawfully pass a vote to repay the money, and such a vote is not revocable by a subsequent vote.

Evidence that A. deposited money with a member of a committee, appointed at a town meeting to investigate a claim of the town against A., to hold until such time as A. made an explanation of the matter to the town; that the committee paid the money into the treasury of the town; and that the town afterwards voted to repay it; is sufficient to sustain an action for money had and received brought by A. against the town, within six years from the passage of said vote.

If, in an action against a town to recover money deposited with its agent on a condition, and by him wrongfully paid to the town treasurer, it appears that the town at one time voted to repay said money, evidence is not admissible that subsequently the town passed another vote rescinding the first.

A town having a claim against A. appointed a committee to whom the matter was referred. A. paid the money to the committee, and in an action by him to recover the money against the town, put in the report of the committee for the purpose of showing the receipt of the money by the town. The report stated that A. had paid the money in settlement of the claim, and that the committee had paid it into the town treasury. *Held,* that evidence of what was said between A. and the committee at the time the money was paid tending to show that the money was not in payment of the claim, was admissible.

If A. demand payment of a sum of money from B., and B. gives him the sum demanded, stating that he does so upon certain conditions, and A. receives the money and remains silent, he will be presumed to have acquiesced in the conditions.

CONTRACT for money had and received.    Writ dated December 19, 1873.

At the trial in the Central District Court of Worcester, the plaintiff put in evidence tending to show the following facts: In the spring of 1861, the defendant sent to Fort McHenry in Maryland certain pistols and cartridges to be distributed among the members of a company of soldiers recruited in the defendant town; the officers refused to allow the soldiers to have the pistols, and they were found by the plaintiff in the store-house at Fort McHenry; he reported the facts to the selectmen of the town, and they requested him to do what he could with them.    The plain

tiff then delivered them to a person who falsely represented that he bought them for the ordnance department. The fact of the sale was communicated to the selectmen of the defendant town, and was assented to by them. Nothing was received for the pistols.

The plaintiff put in evidence certain records of the defendant town, showing the appointment of a committee to whom the matter was referred, and the following report made by them on March 2, 1863, signed by Joab S. Holt and the other members of the committee :

" The committee chosen by the town to investigate the matter concerning pistols and cartridges which the selectmen of Holden gave an order to Captain T. E. Hall on Major Charles Devens, who had them in charge at Fort McHenry, Maryland, and who delivered them to Captain T. E. Hall, who took them to Washington and sold them to Captain Perkins, whom he supposed to be in the employment of the government. Said Hall says he has never received anything for them, and they were afterwards pawned to the proprietors of the Kirkwood House by Captain Perkins. Your committee have received from Captain T. E. Hall two hundred and seventy-eight dollars and forty cents, the full cost of thirty-two pistols and thirty-two hundred cartridges, and have paid the same to Charles Knowlton, treasurer of the town of Holden, and taken his receipt for the same. Your committee are unanimous in saying that we have received full compensation for the pistols." The plaintiff's counsel stated that he offered the report of the committee for the purpose of showing the reception of the money.

The plaintiff testified that he received a letter from this committee in regard to the pistols ; and while at home on a furlough in February, 1863, he had a conversation with Holt, who has since died, in regard to the claim of the town. The defendant objected to evidence of any conversation of Holt that would vary and control the written report of the committee, as the report was introduced by the plaintiff, and contended that such conversation was generally incompetent. The objection was overruled, and the defendant alleged exceptions. The plaintiff then testified that Holt told him that he was one of the committee of the town, and wanted to settle the matter about the pistols, and if it was

not settled he should sue the plaintiff; that the plaintiff said he did not owe the town anything; that he then handed to Holt a five hundred dollar bill, and said, " Take this, or just as much as may be necessary, and hold it until such time as I shall make an explanation about the matter to the town; that I know that if the town could know the facts they would be satisfied, and would not press the claim. I wish you to understand that I do not pay this money for the pistols, and that I will not acknowledge that I owe the town for them;" that in the evening of the same day, Holt saw the plaintiff again, and gave him back the change, keeping $278.40, the original cost of the pistols; that Holt then gave the plaintiff a receipt acknowledging payment for the pistols, which the plaintiff refused to receive, saying to Holt: " You know that is not the transaction; I never paid you money for the pistols."

The plaintiff also put in evidence the record of the defendant town of an article in the warrant for a town meeting and a vote upon it, as follows: " April 7th, 1873. Article 13th. To see if the town will refund to T. E. Hall, money deposited by him in the hands of Colonel J. S. Holt, upon a demand made by the town for payment of a lot of pistols, or act or do anything relative to the same." " Voted that the town refund the money to T. E. Hall, which he deposited in the hands of Colonel J. S. Holt, and interest from the time said Hall made the deposit." It also appeared from records of the town that said sum was paid over to the town treasurer and received by the town before the report of the said committee was made.

On cross-examination the plaintiff testified that he deposited the money voluntarily, knowing all the facts in relation to the matter, because Holt threatened to sue him, and he did not desire to have a suit against him while he was in the field, and could not attend to it, and to stop the rumors against him; that he had article thirteen inserted in the warrant for the town meeting by simply making the request.

The defendant offered to show that the vote of April 7, 1873, had been rescinded at a regular town meeting in November, 1873. The judge excluded this evidence, and the defendant excepted.

The defendant also called Charles Turner, who testified that he was one of the selectmen of the town at the time the order

was given to Hall to get the pistols ; that he did not remember being present when the order was given ; but after the pistols were sold he had an interview with Hall in presence of the other selectmen, in which he said to Hall, " I, for one, do not feel satisfied about those pistols. If some of those blue pills should get through you we have nothing to show for the pistols." Hall replied that he had property, that it was good for it, and he would be responsible. The plaintiff being recalled testified that the testimony of Turner was true, but he supposed at that time that he should get pay for the pistols.

At the close of the evidence the defendant asked the judge to rule that the evidence would not warrant a verdict for the plaintiff. This request was refused.

The defendant also asked the judge to instruct the jury that they must be satisfied that Holt, acting as agent for the town, consented to hold the money on deposit as claimed by the plaintiff in order to make the town liable in this action. The judge gave the instruction as prayed for, but added the following : But if you find that the plaintiff, at the time he deposited the money with Holt, stated to him the terms, purposes and conditions upon which he made the deposit, and Holt made no reply, but accepted the money, he is presumed to have acquiesced in said terms, purposes and conditions.

The judge also, against the defendant's objection, gave the following instruction to the jury :

" If you find that the money was not given in payment of the claim of the town against the plaintiff, but was deposited upon condition that it should be held for him till he should explain his transactions to the town, and he did not make the explanation till within six years next before the date of his writ, the action is not barred by the statute of limitations."

The jury returned a verdict for the plaintiff, and found specially that the plaintiff did not voluntarily pay the money in settlement of the demand made upon him by the town ; that he deposited the money with the committee of the town upon condition that it should be held for him, until he should explain to the town the transaction about the pistols ; that the explanation was made within six years prior to the date of the writ.

The defendant alleged exceptions.

*B. W. Potter*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

ENDICOTT, J. The vote of April, 1873, to refund to the plaintiff the money deposited by him with Holt, was an express promise for a valid consideration, and was competent evidence in an action against the town for money had and received. The language of the vote carries with it the admission that the money so deposited belonged to the plaintiff, and there was evidence introduced at the trial that Holt, who acted as one of the committee in behalf of the town, erroneously or wrongfully paid it into the town treasury. It is a case where the money of the plaintiff, having been improperly paid to the town by its agent, the town, in consideration that it has the money under such circumstances, votes to repay it. We know of no reason why a town has not the power to pass such a vote, or, having passed it, is not bound by it. Such a vote is not revocable, but gives a right of action, which cannot be defeated without the consent of the party in whose favor it was made. The vote of the town, in November, 1873, rescinding the vote of April, 1873, was therefore properly excluded. *Nelson* v. *Milford*, 7 Pick. 18. *Bancroft* v. *Lynnfield*, 18 Pick. 566. *Thayer* v. *Boston*, 19 Pick. 511. *Cushing* v. *Stoughton*, 6 Cush. 389, 392. *Hunt* v. *Roylance*, 11 Cush. 117.

The vote was in form a contract to pay, and whether it was an original promise, on which an action could be maintained, or an acknowledgment of a debt, barred at the time by the statute of limitations, is immaterial in this case. It was competent evidence in either aspect. It was not therefore important or material when the plaintiff made his explanation in regard to the sale of the arms; the vote of the town shows it was at that time satisfied he was not in default.

The conversation with Holt, the accredited agent of the town, at the time the money was given him, was competent as part of the transaction, and as showing the terms and conditions on which he took it and consented to hold it, and his acquiescence in these terms and conditions may be presumed by his silence. Nor was evidence of the conversation with Holt incompetent because it varied the report, which he afterwards signed and submitted to the town. The report was put in by the plaintiff to show the

reception of the money by the town, the plaintiff was no party to it, and its statements were not binding upon him.

The other instructions prayed for were properly refused, having no application to the facts as presented in the evidence reported. *Exceptions overruled.*