BENJAMIN E. HART ET AL. V. FREDERICK GOULD ET AL.,.
EXECUTORS, ETC.

*Settlements and compromises—Favored by the law— When made, presumed*
*that parties consulted their own interests—Will not be interfered with,*
*in absence of fraud or mistake—Nor on that ground unless party seeking*
*to rescind places other party in statu quo—By retaining proceeds of*
*such settlement he recognizes and is bound by it—Receipt—May be ex-*
*plained, and its intended scope shown.*

1. The law favors the settlement of controversies between the parties,.
and approves of compromises of unsettled and disputed claims, and,.
when such settlement is effected, will presume that the parties con-
sulted their own interests; and such .settlement will not be inter-
fered with, in the absence of *fraud* or *mistake*, nor on *that* ground
unless the party making such charge and seeking to rescind such·
settlement returns to the other party what he has received by virtue·
of it, by the retention of which he recognizes the settlement and is.
bound thereby.

2. The doctrine that a receipt may be explained, and what it was in-
tended to cover shown, is elementary.  *Smith v. Holland,* 61 N. Y.
635; *Michigan Cent. R. R. Co. v. Dunham,* 30 Mich. 128; *McAllister·*
*v. Engle,* 52 Id. 56; *Powell v. Powell,* Id. 432; *Smith v. Schulenberg,* .
34 Wis. 41.

3. For a statement of other legal propositions, see charge, found on·
pages 268–270 of opinion.

Error to Shiawassee. (Newton, J.)    Argued June 22 and'
23, 1886.    Decided July 1, 1886.

Appeal from disallowance of claim by commissioners in·
probate court.  Claim allowed in circuit court.  Defend-
ants bring error.  Affirmed.  The facts are stated in the·
opinion.

*G. R. Lyon* and *T. M. Crocker,* for appellants :

Although not a court in the constitutional sense, yet com-
missioners act judicially in passing upon claims, and their·
conclusion, if not appealed from, is conclusive, having the·
force and effect of a judgment :[1]    *Clark v. Davis,* 32 Mich. .
154–7 ; *Lothrop v. Conely,* 39 Id. 757 ; *Shurbun v. Hooper,*. .

---

[1] See *McKinney v. Curtiss,* 60 Mich. 620.

40 Id. 503; *Price v. Dietrich*, 12 Wis. 626; *State v. Probate Court*, 25 Minn. 25; *Swan v. House*, 50 Tex. 653; *Carter v. Engles*, 35 Ark. 205 ; *Tate v. Norton*, 94 U. S. 746–752.

The claim presented was broad enough to cover the one now presented, and the commissioners' report was general; the claim must therefore be regarded as adjudicated: *Finch v. Hollinger*, 46 Iowa, 217.

If a suit is brought to recover a part of demands growing out of the same contract, and all due, a second action for the residue cannot be maintained : *Bunnel v. Pinto*, 2 Conn. 431; *Pinney v. Barnes*, 17 Id. 420 ; *Burritt v. Belfy*, 47 Id. 323 ; *Guernsey v. Carver*, 8 Wend. 493 ; *Stevens v. Lockwood*, 13 Id. 646 ; *Bendernagle v. Cocks*, 19 Id. 207 ; *Town v. Smith*, 14 Mich. 348 ; *Dutton v. Shaw*, 35 Id. 431 ; *Milroy v. Iron Min. Co.*, 43 Id. 235 ; *Vincent v. Moore*, 51 Id. 619.

The fact that the finding of the commissioners was by consent of the parties interested can make no difference : *Town v. Smith*, 14 Mich. 348.

If a party has, through negligence or misfortune, failed to properly present his *entire* claim, the error cannot be remedied in a second suit. The estoppel depends on the question whether the subject-matter has once been involved in litigation: *Pinney v. Barnes*, 17 Conn. 420 ; *Platner v. Best*, 11 Johns. 530; *Roberts v. Heim*, 27 Ala. 678 ; *Wolfinger v. Betz*, 66 Iowa, 594; *Hempstead v. City of Des Moines*, 63 Id. 36 ; *Hanson v. Dunton*, 35 Minn. 189.

*Geer & Williams*, for claimants :

When there is a relation of confidence necessarily existing, as between principal and agent, the mere silence of the agent in matters within the range of his duty may be a vitiating fraud allowing an after action : Wells, Res Adjudicata, § 375 ; *Johnson v. Provincial Ins. Co. of Toronto*, 12 Mich. 216–223 ; Freeman on Judgments, § 223.

The circumstances under which a receipt is given may always be shown to determine its effect upon the rights of the parties, and it is never conclusive when fraud or mistake is alleged against it: *Smith v. Schulenberg*, 34 Wis. 41 ; *Smith v. Holland*, 61 N. Y. 635 ; *M. C. R. R. Co. v. Dunham*, 30 Mich. 128 ; *McAllister v. Engle*, 52 Id. 56.

SHERWOOD, J. Alvin N. Hart died intestate on the fourth day of August, 1874.

While living, and in the year 1867, he, Amos Gould, and Alfred L. Williams purchased several thousand acres of timbered lands lying in the north part of this State. They owned the same in common. Gould acted as the agent of Hart in selling the lands, and sold large quantities thereof before Hart died. After his death the lands remaining unsold were divided between the parties interested, and the Hart heirs gave to said Gould a power of attorney to sell their lands, and he was to receive five per cent. therefor as commissions. The account of sales was kept by Gould, and the Hart heirs knew nothing of what was being done in the premises by Gould except as they were informed by him.

Ward H. Jennings was appointed administrator of the estate of A. N. Hart.

Amos Gould died on the fourteenth day of May, 1882, testate, and his son, Frederick Gould, his widow, Louisa Gould, and Morris Osburn, his son-in-law, were appointed executors of his will. Commissioners to hear and allow claims against Gould's estate were duly appointed.

Ward H. Jennings, as administrator of Alvin N. Hart's estate, presented a claim in favor of said estate, for moneys received by Amos Gould from the sale of lands prior to Hart's death, to said commissioners for allowance. This claim was disallowed by the commissioners, and Hart's administrator appealed to the circuit court for the county of Shiawassee.

The plaintiffs also presented a claim to said commissioners for allowance for moneys received by Gould upon the sale of lands made by him under the power of attorney received from them after Hart died. Upon the hearing of this claim before the commissioners no witnesses were sworn. Frederick Gould, one of the executors, presented the books of Amos Gould to the Hart heirs, as containing all the knowledge he had upon the subject of the claim made, and as representing all the sales made and moneys received thereon by his father, Amos Gould, and which disclosed that there was due the plaintiffs on the ninth of December, 1882, the sum of $3,322.05 ; and the plaintiffs and the Gould executors, be-

lieving the books represented the true balance due the plaintiffs, reported the facts to the commissioners, and that sum was allowed to the plaintiffs on their claim.[1]

After this, on further examination of the facts, it was found that the statement contained upon Amos Gould's book was not correct; that some lands which the books showed to be unsold had in fact been sold, and no credit given upon the books for the proceeds ; and that Gould had sold timber on other parcels of land to the amount of $700, no account of which appeared on the books. These amounts, it was found, would have increased the amount actually owing to the plaintiffs on their claim $1,020.

The Gould executors refused to pay this claimed balance.

The plaintiffs obtained a revival of the commission on claims, and presented an account for the $1,020 for allowance. The commissioners refused to allow the claim. Plaintiffs took an appeal to the circuit court, where the case was tried before Judge Newton by jury, and the claim was allowed at the sum of $1,407.98.

The defendants bring the case into this Court by writ of error.

The fact of the indebtedness of the Gould estate to the plaintiffs in the amount claimed does not seem to be much controverted, nor the manner in which such indebtedness arose ; but it is claimed that such indebtedness, whatever it may be, was fully adjusted in a compromise made at the time of the settlement of the suit appealed to the circuit court by the administrator of the Hart estate, and of the claim therein made by him.

On the seventeenth day of April, 1884, that suit was settled, and the executors of the Gould estate paid to the administrator of the Hart estate $4,000, and the suit was discontinued. At the same time they paid to the Hart heirs the amount allowed to them on their claim by commissioners ; amounting, at that time, to the sum of $3,637.27.

The defendants claim that these sums were received by

---

[1] See *Chipman v. Kellogg*, 60 Mich. 438 (head-note 1).

the Hart administrator and the Hart heirs on a compromise·
and settlement, and were to be in full of all claims, known
and unknown, between the parties.

The plaintiffs, however, claim and insist that such was not
the understanding or the fact when the adjustment was·
made ; that the $4,000 was received by the administrator
of the Hart estate on a compromise of the claim allowed in
favor of the Hart administrator, but of nothing else ; that the
other sum paid was on the allowance already made by the
commissioners ; that the claim for timber sold was not then
known to the plaintiffs ; and that the $320, for land sold by
Amos Gould, had but recently been ascertained and discov-
ered by either of the parties, and was expressly excepted out
of the settlement, whatever it was.

The following are copies of the receipts given at the
time the moneys were paid :

" Received of M. Osburn, Louisa Gould, and Frederick H.
Gould, executors of the last will and testament of Amos
Gould, deceased, the sum of $3,637.27, in full payment and
satisfaction of the claim allowed us by the commissioners on
claims, in the settlement of the estate of the said Amos
Gould, deceased, and the interest thereon to date.

"*Dated April 17, 1884.*

"Benjamin E. Hart,
"Rodney G. Hart,
"Arthur N. Hart,
"By R. G. Hart.
"Isabella E. Hamilton,
"By R. G. Hart,
"Attorney duly authorized."

" Received of M. Osburn, Louisa A. Gould, and Frederick
H. Gould, as executors of the last will and testament of Amos
Gould, deceased, the sum of four thousand dollars, as full
payment, satisfaction, settlement, and adjustment of the
claims filed by me, as administrator of the estate of Alvin
N. Hart, deceased, against the estate of Amos Gould, de-
ceased, before the commissioners on claims in the estate of
the said Amos Gould, and now pending on appeal in the cir-
cuit court for the county of Shiawassee, Michigan, and as full
payment, satisfaction, settlement, and adjustment of any and
all claims and demands, of whatever nature, and any and all

rights of action, either at law or in equity, that the said Alvin N. Hart, or his said estate, or that he, as the personal representative of said estate of said Alvin N. Hart, deceased, may have had against the said Amos Gould in his life, or may now have against the estate of the said Amos Gould, deceased, or those interested therein, either legatees, devisees, or personal representatives.

"And I hereby consent that the said appeal, so pending as aforesaid, may be dismissed without costs to either party, and that an order to that effect may be made by the said circuit court.

"*Dated April 17, 1884.*

"WARD H. JENNINGS,

"Administrator of the Estate of Alvin N. Hart, Deceased."

"In consideration of the payment of four thousand dollars, aforesaid, made by M. Osburn, Louisa A. Gould, and Frederick H. Gould, executors of the last will and testament of Amos Gould, deceased, to Ward H. Jennings, as administrator of the estate of Alvin N. Hart, deceased, and hereinbefore receipted for, and other considerations to us paid by said executors, for which this is our receipt, do hereby acknowledge full payment, satisfaction, settlement, and adjustment of any and all claims and demands, of whatever nature, and any and all rights of action, either at law or in equity, that we, or either of us, as heirs of Alvin N. Hart, deceased, or otherwise, may have had against Amos Gould, deceased, in his life-time, or may now have against the estate of the said Amos Gould, deceased, either as heirs, legatees, devisees, personal representatives, or otherwise.

"*Dated April 17, 1884.*

"BENJAMIN E. HART,
"RODNEY G. HART,
"ARTHUR N. HART,
"ISABELLA E. HAMILTON,
"Per R. G. HART, Attorney in Fact."

Upon the subject of settlement and compromise, besides these receipts, there was considerable testimony given upon the trial tending to support the theory of each side, as to what claims, and the extent of the same, were included in the settlement and claimed compromise, and these questions were fully and very clearly submitted to the jury by the learned circuit judge in his charge, and their verdict, unless errors exist elsewhere, must be held conclusive.

The record shows that the settlement and compromise, if any was made, was concluded by Mr. Geer, an attorney at law, and Rodney G. Hart, on the part of the plaintiffs, and by Mr. Hutchins, an attorney at law, on the part of the defendants. There had been a previous treaty had between the parties upon the subject, at Owosso, several days before, in which the terms of settlement were substantially agreed upon, but the final consummation, at the time the receipts were made, took place at Lapeer.

The charge of the court upon these questions to which we have alluded, was as follows :

"The law favors the settlement of disputed matters between parties, and approves of compromises of unsettled and disputed claims. When parties enter into a settlement of their matters, the law will presume they consulted their own interests in making the arrangement, and such settlements will be encouraged by the law, and they will not be interfered with where there is no fraud or mistake.

"If a settlement, by way of a compromise of a disputed claim, is made, it cannot be avoided by either party, on a claim of any fraud about it, unless the party who makes such claim and seeks to rescind the settlement returns to the other party what he has received by virtue of it. If he keeps what he receives, he recognizes the settlement, and is bound by it.

"If the jury find that the receipts were signed at Lapeer with the understanding that they were not to include the money received for the land sold Taylor, and that the Taylor matter was to be adjusted as agreed by Hart, Geer, and Osburn, at Owosso, on the fifth of March, 1884, and if you find that Osburn had agreed with Geer and Hart at that time that they would pay this item if they found it to be the fact that Gould had sold the land to Taylor, then the plaintiffs are entitled to recover the amount received for this land,—three hundred and twenty dollars, with interest on the same from January 26, 1881, after first deducting from the three hundred and twenty dollars the amount of commission at five per cent.

"But if you find that the agreement by Osburn was to pay that sum only in the event of not settling the two claims, one by Jennings, administrator, and the other by the plaintiffs in this case, and if you find that such final settlement was

consummated, then the plaintiffs cannot recover in this action.

"If the jury find that, when the receipts were signed by plaintiffs, they did not know that Amos Gould had sold the land to Taylor and the timber to Gates & Fay, and did not compromise and settle the two claims, but signed the said receipts believing that the account rendered to them was a true statement of all the money received by Gould for the sale of lands and timber under the power of attorney, then the signing of said receipts would have no effect on their right to recover in this action.

"If the jury find that Gould, in his life-time, received $320 from Taylor, and $700 from Gates & Fay, in payment for lands or timber belonging to plaintiffs, sold by him; that he never accounted to plaintiffs for the same; and that, in making the settlement and signing the receipts, these items were not known to or taken into account by plaintiffs,—then plaintiffs are entitled to recover these items, with interest from the time the money was paid to Gould."

We think these charges fully cover the subjects under consideration, and state the law correctly. It is not claimed there was any release to the Gould estate in this case, and the record certainly shows that none was intended; and the doctrine that a receipt may be explained, and what it was intended to cover shown, is elementary: *Smith v. Holland*, 61 N. Y. 635; *Michigan Cent. R. R. Co. v. Dunham*, 30 Mich. 128; *McAllister v. Engle*, 52 Id. 56; *Powell v. Powell*, Id. 432; *Smith v. Schulenberg*, 34 Wis. 41.

The defendants' counsel insist that the plaintiffs' claim, allowed by the commissioners, in its statement was sufficiently broad to cover the items for which they now make claim; and the allowance before the commissioners should be held a bar in the present suit.

Upon this subject the court charged the jury:

"The defendant in this case, the estate of Amos Gould, says that if these two claims were not formally presented and made a part of the plaintiffs' contention in the former suit or proceeding, that in fact, by agreement between the parties, the amounts allowed in the two former claims—the one by Jennings, administrator, and the other by the present claimants—were allowed by compromise and agreement be-

tween the executors of Gould and the administrator and the heirs of Hart, the plaintiffs in this suit, and that such settlement was to embrace and cover everything and every claim and demand between them and the estate of Amos Gould. If you find such was the fact, then your verdict will be for the defendant.

"If you find that both of these claims were not included in any settlement and compromise, but that one or the other was so included and covered by the settlement and compromise, and the other was not, then your verdict could only be for that claim, with interest, which was not included in the compromise and settlement, after first deducting five per cent. commission.

"But if you find that neither was included in the settlement and compromise, and had not been before adjudicated in the first proceeding, then the plaintiffs would be entitled to recover the amount of their claim, first deducting the commission of five per cent. to which Gould was entitled, and give interest at seven per cent. from the time he became liable to pay such claim."

"If the jury find that, at the time the receipt in question was given, the plaintiffs were ignorant of the sale of the timber made by Gould under said power of attorney to Gates & Fay on the eighteenth day of April, 1881, said receipt would not be a bar to the plaintiffs' right to recover in this action for the amount Gould received from Gates & Fay for said timber, unless you find that a settlement of the two claims—one by Jennings, administrator, and the other by plaintiffs in this case—was intended to include all dealings between Amos Gould and the estate of A. N. Hart, and the dealings between Amos Gould and the plaintiffs in this suit, and that the same was made with the assent and approval of the plaintiffs in this suit."

We regard the law given in these two charges very proper upon the facts appearing in the record upon this subject. *Spencer v. Vigneaux*, 20 Cal. 442; *Homer v. Fish*, 1 Pick. 440; *Le Guen v. Gouverneur*, 1 Johns. Cas. 492; *Hamel v. Grimm*, 10 Abb. Pr. 150; Wells, Res Adj. § 375; *Riddle v. Baker*, 13 Cal. 304; *Phelps v. Peabody*, 7 Id. 52; *Doty v. Brown*, 4 N. Y. 71.

The record does not present a case for the application of the doctrine contended for by the defendants' counsel.

It is hardly necessary to consider the case further upon the

other questions raised in the assignments of error. It is sufficient to say they have all received our attention, but we do not think any of them can be sustained upon the case as presented, and the judgment at the circuit must be affirmed, with costs.

The other Justices concurred.