MICHAEL O'DONNELL vs. INHABITANTS OF CLINTON.

Worcester. Oct. 6, 1887. — Jan. 4, 1888. C. ALLEN & KNOWLTON, JJ.,
absent.

On a petition, under the Pub. Sts. c. 49, §§ 79, 105, for the assessment of damages caused by taking land for a town way, and damages to the petitioner's house caused by the taking, there was evidence that the petitioner could not read, and that the road commissioners of the town knew of his inability; that before filing his petition he had accepted an award of $200 for damages, and had put his mark to a receipt acknowledging full payment of all claims, but which he understood at the time, and declared, to be for the land alone; that the road commissioners expressed no dissent, but said that "that would be all right;" that the petitioner, on learning what he had signed, repudiated the transaction, tendered the money back to them, giving them a notice addressed to the town, and left the money and the notice in the hands of the town treasurer. *Held*, that the receipt was not a bar.

If a town authorizes its road commissioners to pay a certain sum in full for all damages sustained by an owner of land caused by the taking of his land for a town way, and the commissioners pay the money and take a receipt under such circumstances that their act amounts to constructive fraud, the town cannot, on a petition for the assessment of damages for the taking, set up the receipt as a bar to the petition.

HOLMES, J. This is a petition for the assessment of damages caused by taking land for a town way, including damage to the petitioner's house. Pub. Sts. c. 49, §§ 79, 105. The petitioner before filing his petition had accepted two hundred dollars awarded by the road commissioners, and had set his mark to a receipt prepared by them acknowledging full payment of all claims. The respondent asked a ruling that this settlement was a bar, which was refused, and the respondent excepted.

The petitioner's evidence tended to show that he could not read, and that the road commissioners knew of his inability; that at the time of accepting the two hundred dollars he stated that he took it for the land alone, and also stated that he signed the receipt for the land alone, understanding that to be its tenor; that the road commissioners expressed no dissent, but through their spokesman, McGowan, said that "that would be all right;" and that as soon as the petitioner understood that the commissioners regarded the payment as a full settlement he repudiated the transaction, tendered the money back to them, giving them

a notice addressed to the town, and left the money with the notice in the hands of the town treasurer, although no sufficient tender was made to the latter.

The court instructed the jury, that it was not necessary that there should have been any intent to defraud the petitioner, but that it was necessary to show some conduct which was cal- -culated to mislead him and did mislead him. In the connection in which the instruction was given, it must be taken to mean that the petitioner must have been misled as to the terms of the receipt, and as to what the money was paid for. Thus construed, and having reference to the petitioner's evidence, it was sufficiently favorable for the respondent, and the respondent's request for a ruling was rightly refused.

If the petitioner was ignorant of the contents of the instrument prepared by the respondent, and was known to be so by the respondent's agents, and if he expressly declared in good faith that he set his mark to it as a receipt for the damage to his land alone, and the respondent's agents thereupon accepted the instrument in silence, or with words importing an assent to that declaration, such conduct would be a representation that the instrument was what it was signed for. *Trambly* v. *Ricard*, 130 Mass. 259, 261. *Hall* v. *Holden*, 116 Mass. 172, 176. And a representation of what is known to be false may be none the less a fraud that it is made without any corrupt motive or intent. *Stone* v. *Denny*, 4 Met. 151, 161. *Fisher* v. *Mellen*, 103 Mass. 503. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Polhill* v. *Walter*, 3 B. & Ad. 114. *Quick* v. *Milligan*, 108 Ind. 419, 422.

It is unnecessary to go further, and to consider whether or not the ultimate reason why the party cannot be held in the case supposed is that the overt acts of setting his mark to the instrument and delivering it, which, standing alone, would have been an execution of it, were qualified by another overt act which changed their character, as between the parties, and prevented the mark and delivery from having that effect, or from expressing an intent corresponding with the written words. In the old books it is said that a deed which is misread to an illiterate man, although by his friend and without fraud, does not bind him. *Thoroughgood's case*, 2 Rep. 9. Com. Dig. *Fait*, B. 2. *Foster* v. *Mackinnon*, L. R. 4 C. P. 704, 711. *Schuylkill* v. *Copley*, 67

Penn. St. 386, 389. And the proper mode of pleading the facts was *non est factum*, because, as was said, "the matter proves that it never was his deed." Plowden, 66. Y. B. 30 Ed. III. 31, 32. Lib. Ass. 292, pl. 30; *S. C.* 44 Ed. III. 23, pl. 28. 9 Hen. V. 15, pl. 2. 9 Hen. VI. 59, pl. 8. 2 Roll. Abr. 28. 1 Gilb. Ev. (6th ed.) 144. Keilwey, 70 b, pl. 6. *Pigot's case*, 11 Rep. 26 b, 27 b. *Mullen* v. *Old Colony Railroad*, 127 Mass. 86, 90. *White* v. *Graves*, 107 Mass. 325, 328. *Somes* v. *Brewer*, 2 Pick. 184, 204. Whereas an ordinary case of fraud or duress could not be pleaded in this way, because the delivery was not void. Plowden, *ubi supra.* 1 Chit. Pl. (7th ed.) 511. See *Fairbanks* v. *Snow*, *ante*, 153. But we put our decision solely on the ground of fraud, and express no opinion with regard to the suggestions last thrown out.

In either view, the oral evidence is not offered for the purpose of varying the written instrument, or of adding an oral promise to it, which it may be assumed could not be done; *Brown* v. *Cambridge*, 3 Allen, 474; *James* v. *Bligh*, 11 Allen, 4; but for the purpose of showing that it was never executed, or was voidable for fraud. We may add, by way of caution, that in the case of a *bona fide* purchaser for value other considerations come in, which have no place here. See *White* v. *Duggan*, 140 Mass. 18, 20; *Williams* v. *Stoll*, 79 Ind. 80; *Chapman* v. *Rose*, 56 N. Y. 137.

Leaving the receipt on one side, if the conduct of the respondent's agents was calculated to lead the petitioner to suppose that the money was paid for the land alone, and did lead him to suppose so, then it was paid for the land alone. To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to it, wholly irrespective of fraud. Assent, in the sense of the law, is a matter of overt acts, not of inward unanimity in motives, design, or the interpretation of words. See *Hall* v. *Holden*, *ubi supra*. *Ford* v. *Ford*, 143 Mass. 577, 578.

It was argued that the road commissioners had not power to make the arrangement testified to by the petitioner, and it is true that the two hundred dollars was decreed, and the decree was accepted by the town, as an award for all the damages suffered. But assuming that the commissioners had no right to offer the sum for less than all the damages, that did not make it

impossible for them to do so in fact, and would not make a payment which purported to be made and accepted for land alone a payment for land and buildings. Of course, too, if the conduct of the commissioners, however innocent in intention, amounted to fraud by construction of law, the respondent, when it claims the benefit of an arrangement made through them, takes it with all its defects.

Upon the facts, as the petitioner states them, he had a right to repudiate the transaction when he found what he had signed. *Mullen* v. *Old Colony Railroad*, *ubi supra*. *Smith* v. *Holyoke*, 112 Mass. 517. *Michigan Central Railroad* v. *Dunham*, 30 Mich. 128. If it was necessary for him to return the money, he did all that he was called on to do. Had the commissioners accepted his tender, things would have been restored to their condition before the settlement. The money was left where the town could take it at any time, and the town was notified; but it is plain that the town did not accept his version of the facts, and denied his right to repudiate the arrangement.

*Exceptions overruled.*

*J. W. Corcoran & H. Parker*, ( *W. R. Dame* with them,) for the respondent.

*A. Norcross & H. C. Hartwell*, ( *C. F. Baker* with them,) for the petitioner.