[No. 1340.  Decided June 26, 1894.]
C. H. REICHEL *et ux.*, *Appellants*, v. ALEXANDER JEF-
FREY, JR., *et ux.*, *Respondents*.

### ACCORD AND SATISFACTION — WHAT CONSTITUTES.

An agreement between grantor and a grantee, subsequent to the
conveyance, whereby the former places a certain sum of money in
the hands of a third person to be forfeited to the grantee in full
satisfaction of any damage he may sustain through the failure of a
tenant to deliver up the premises conveyed upon demand, consti-
tutes an accord and satisfaction for the breach of a covenant of
warranty.

*Appeal from Superior Court, Thurston County.*

*Charles H. Ayer*, and *Charles M. Dial*, for appellants.
*Allen & Moore*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action by appellants against
respondents, in covenant, upon the warranty in a deed.
The breach alleged is the existence of an unexpired lease.
The defendants answered, alleging that "subsequent to
the sale, acceptance and execution of the deed there was
an oral or verbal agreement made and entered into by the
plaintiff C. H. Reichel and defendant Alex. Jeffrey, jr., as
follows:   That said defendant place in the hands of T. N.
Allen the sum of one hundred dollars to be forfeited by
said defendant and paid to plaintiff in full satisfaction of
any damage they might sustain from Covert's [the ten-
ant's] possession in the event that said Covert failed or
refused to deliver up said premises upon demand of plaint-
iffs herein," and that said sum of one hundred dollars was
in conformity to said agreement placed in the hands of
said Allen, who was fully advised as to the object and in-
tent of the same, and the disposition to be made thereof.

There were many other allegations and denials in this complaint, but this is the principal one which we find it necessary to consider.

Paragraph 2 of plaintiffs' reply is as follows:

"They admit that said defendant [plaintiff] C. H. Reichel consented, on or about the time of said purchase, that $100 of the purchase money should remain in the hands of one J. F. Murphy, to be forfeited in case said defendants should fail to place plaintiffs in possession within ten days after the date of said sale. They further state that at the solicitation of the defendants he consented that said money be turned over to said defendants, and said money was turned over to said defendants or their attorney T. N. Allen, and no part thereof inured in any way to these plaintiffs, or to their benefit."

Upon the filing of the reply defendants moved for judgment on the pleadings, which motion was sustained by the court, and judgment was entered in accordance with said motion, which action of the court is alleged as error by the appellants here.

It seems to us that the plea of accord and satisfaction set out in defendants' answer has not been denied by the reply. It is urged by the appellants that the defendants' answer did not contain a plea of accord and satisfaction, but simply a plea of accord. We have examined the definitions of the terms accord and satisfaction in the authorities cited by appellants, and it seems to us that the contract pleaded in the answer was an executed contract. The allegation is not only that the parties to the action agreed to place in the hands of T. N. Allen the sum of one hundred dollars to be forfeited by the defendants and paid to plaintiffs in full satisfaction of any damages they might sustain by reason of the breach of the covenant, but there is a further allegation that the agreement was carried out or executed by the payment to said T. N. Allen of the said sum. This is altogether different from an allegation that there

was an agreement that the sum of one hundred dollars should be paid at some future time to the plaintiffs in case of a breach.    The fact that they agreed upon the person to whom it was to be paid, and that the person agreed upon was instructed to pay the same to the plaintiffs in case of a breach, amounts substantially to an allegation of payment to, and acceptance by, the plaintiffs.   No subsequent action by either party remained to be done to perfect the agreement, and the manner and circumstances under which the parties to the agreement placed this money would preclude either of them from denying the execution of the agreement, and as the reply of the plaintiffs in no way denies this affirmative allegation in the answer, but substantially admits it, the accord and satisfaction stands confessed by the pleadings.

This agreement would also be good under the doctrine announced in *Hart v. Gould*, 62 Mich. 262 (28 N. W. 831), namely, that the law favors settlements of disputed matters by the parties without recourse to litigation; and, presuming that in such settlements the parties consulted their own interests, will not interfere except in the case of fraud or mistake; and where such settlement has been made by way of compromise it cannot be avoided by either party excepting on the grounds of fraud or mistake.

There are other questions involved in this case, viz., the insufficiency of the complaint, which it is not necessary for us now to decide.    The lower court having sustained the motion for judgment on the pleadings on the ground above mentioned, and this court finding that said motion was properly sustained, the judgment will be affirmed.

SCOTT, HOYT, STILES and ANDERS, JJ., concur.