## SUPREME COURT.

URIAH J. SMITH and others agt. THE METROPOLITAN GAS-LIGHT COMPANY and others.

An action to annul the charter of 'a *corporation* of this state must be brought by the *attorney-general* in the name of The People, in the mode required by the statute. (*Code,* § 430 *et seq.*)

An action brought by a number of individuals, as *tax-payers* and *corporators* of the city, against an incorporated company, to restrain them from exercising a privilege under their charter, on the ground that the privilege was a valuable one, belonging to, and *vested* in the *city;* and that other interests of the city at large would be affected by the use of such privilege,

*Held,* that the *corporate authority* itself, not the individual tax-payers, was the proper party to represent those interests of the city; and the proper party to cause steps to be taken to enjoin the defendants, if the interests of the city so required.

Tax-payers, as such, have been permitted to intervene, in cases where the corporate authority have, in violation of their duty as *guardians* and *trustees* of the private property of the city, attempted to squander or otherwise illegally dispose of such property. And the intervention of tax-payers in that class of cases has been sustained upon the same general principles which permits any *cestui que trust* to restrain the trustee from squandering the trust-property.

The corporation of the city of New-York have an undoubted right to give permission to the Metropolitan Gas-Light Company, the defendants, to lay down pipes beneath the surface of the streets, as a means of furnishing the citizens with an increased supply of gas.

Nor are they obliged to *sell* such permission, or treat it as a part of the city property, which is to be used for purposes of city revenue.

This power to authorize the laying down of gas-pipes, is, in no true sense of the word, a part of the city property, to which the corporate authority of the city is to resort for purposes of revenue.

*New-York Special Term,* Oct., 1855.

ON the 17th of April last, by special act of the legislature, the Metropolitan Gas-Light Company was incorporated, with authority to manufacture gas for lighting the streets of this city. The act inhibits the company from digging in the streets to lay down pipes, or for any other purpose, without first obtaining permission of " *the two boards of the common council,*" which two boards are, by the act, " authorized to grant and vest ex-

clusive permission and authority to and in such company, for said purposes, to such extent and under such regulations as to them shall seem expedient;" but not to affect or impair any exclusive rights or privileges vested in any other company in the city.

Proceeding under this act, the board of councilmen have passed resolutions authorizing this company to lay their pipes through the streets, &c., under the same restrictions as have heretofore been applied to the Manhattan and New-York Gas-Light Companies; but providing that such permission shall not be construed as granting to said company any sole or exclusive right or privilege, or to prevent the common council from granting the like privilege to any other company.

The plaintiffs, as corporators and tax-payers of this city, have filed this bill, seeking to restrain this company perpetually from doing any act under their charter; and to restrain the individuals composing the board of aldermen from joining with the board of councilmen in granting such permission. A temporary injunction of that character having been granted, the Metropolitan Gas-Light Company now move to dissolve it.

A. J. WILLARD & CHARLES O'CONOR, *for motion.*
WALDO HUTCHINS & E. W. STOUGHTON, *opposed.*

COWLES, Justice.   The plaintiffs charge that the act of incorporation is void; that they are tax-payers and corporators of the city; that the fee of the streets has vested in the corporation; that the right to grant permission to lay down pipes is in the corporation; that such right and privilege is of great value, and if judiciously sold or disposed of would realize to the city a very large pecuniary benefit; and that, in various ways, the corporation of New-York would sustain injury from granting to this company the right to lay down their pipes.

Upon these grounds these plaintiffs, as tax-payers and corporators, claim the right to intervene, and as such, and of their own motion, by aid of the court, to restrain the defendants. I am unable to discover any grounds upon which the plaintiffs

can sustain this suit. If its object is to annul the charter of the company—and the temporary injunction restrains it from exercising any of its franchises—that can only be done by the attorney-general in the name of the people in the mode required by the statute. (*Code*, § 430, *et seq.*)

If claimed to be sustained on the ground that this is a grant of a valuable privilege belonging to and vested in the city, and that other interests of the city at large would be affected by the laying down of these pipes, the answer is, that the corporate authority itself, not the individual tax-payers, is the proper party to represent these interests of the city. Tax-payers, as such, have been permitted to intervene in cases where the corporate authority have, in violation of their duty as guardians and trustees of the private property of the city, attempted to squander or otherwise illegally dispose of such property, and the intervention of tax-payers in that class of cases has been sustained upon the same general principles which permits any *cestui que trust* to restrain the trustee from squandering the trust-property.

But that is not the case here. The corporate authority of this city have an undoubted right to give permission to these defendants to lay down pipes beneath the surface of the streets, as a means of furnishing the citizens with an increased supply of gas.

Nor are they obliged to sell such permission, or treat it as a part of the city property, which is to be used for purposes of city revenue.

I have had occasion recently, in the case of *Whitmore and others* agt. *Strong and others*, to discuss the question, whether a similar power to regulate streets is to be treated as city property, with a view to city revenue ? and a suggestion that the power to authorize gas-pipes to be laid, with a view to the promotion of the public convenience and comfort, is property which, under the charter of 1853, must be sold at auction, as it must be if it is city property, only tends still further to confirm me in the conclusions at which I arrived in that case.

This power to authorize the laying down of gas-pipes is, in no true sense of the word, a part of the city property, to which the corporate authorities of the city is to resort for the purposes of revenue. Whether, therefore, the permission to lay down these pipes is given by the joint consent of the mayor and common council, or by the *two boards alone*, there is here no squandering or illegal disposition of the private property of the city, which, upon any recognized principle, can justify a suit of this character by tax-payers of the city, as such.

Nor is there any other ground on which this suit can be sustained by these plaintiffs as tax-payers.

It is alleged that if this Metropolitan Gas-Light Company is allowed to go on, they must take up the Russ pavement in Broadway, which could not be again as durably relaid; and that in a variety of other ways the public interests would be made to suffer. To all this the answer is, that the corporate authority of the city is the proper guardian and protector of these city interests, and the proper party to cause steps to be taken to enjoin the defendants if the interests of the city so require.

As these plaintiffs have no standing in court which can enable them to sustain this action, it is entirely unnecessary to discuss the various questions that have been raised respecting the alleged unconstitutionality of the defendants' act of incorporation, and I therefore pass them over.

But it is urged that if the injunction is dissolved as to the Metropolitan Gas-Light Company, it should be retained as to the other defendants, (the corporation of the city and the aldermen,) inasmuch as they, not having appeared in the suit, cannot ask to have the injunction dissolved as to themselves.

It must be observed that the corporation and aldermen are not alone interested in that question. This company have no powers to proceed until the permission of the two boards of the common council is obtained.

The restraint upon the aldermen is a restraint upon the gas-light company.

To hold the injunction as to the aldermen is, in effect, to hold it against the gas-light company also.

To pretend to dissolve it as to the gas-light company, but continue it as to the aldermen, would be mere mockery.

An order must be made that the injunction, as to all of the defendants, be dissolved.

Costs to abide the event of the suit.