## SUPREME COURT.

### EBENEZER HAIGHT agt. ORATOR HOLCOMB.

The *attorney* has a lien for his costs, on the judgment he has recovered, beyond
the power of his client to release. The Code has not done away with this right
which existed prior to its enactment. (*This decision upon this point affirms that
at special term in the same case, ante, p.* 160.)

But while the attorney's lien should be maintained under, as well as before the
Code, it should now, as then, be restricted to what appears as costs on the *judg-
ment roll.*

*It seems,* that on a motion by a defendant to set aside an execution on the ground
that the judgment is settled, the court has no authority to refer the subject of
the amount of costs between the plaintiff and his attorney, without the *consent
of the plaintiff.*

*Albany General Term, March,* 1858.
*Before* WRIGHT, GOULD *and* HOGEBOOM, *Justices.*

APPEAL from order of special term, as to attorney's lien for
services on the judgment obtained by him. (*Reported ante,
p.* 160.)

D. K. OLNEY, *for attorney's lien.*
S. A. GIVENS, *for defendant.*

By the court—GOULD, Justice. I am fully of opinion, that
the order of the special term is right, in so far as it gives the
attorney a lien, (beyond the power of his client to re-
lease,) on the judgment he has recovered ; the Code not hav-
ing done away with the right which existed prior to its en-
actment.

There seems to me, however, a much more serious question
involved, when the extent or amount of the lien is to be as-
certained. At the special term, it was held, that as the judg-
ment debtor had (before settling with the plaintiff,) notice that
the attorney of the plaintiff claimed a lien on the judgment *to*

*the amount of* $250, for his services in obtaining the judg-
ment, he, the debtor, was bound thereby *to that amount,* and
could not so settle with the plaintiff, as to protect himself
from paying that sum on the execution, for the benefit of the
attorney. At the same time the entire amount of costs con-
tained in the judgment, including $40 of extra allowance, was
$120.28.

The plaintiff in the judgment on the other hand, claimed
that as between him and his attorney, there was nothing due.
And to arrive at a decision at the special term, it was neces-
sary to order an interlocutory reference, to ascertain what, as
between the plaintiff and his attorney, was due for services in
this cause. And it appears that on the reference, the plaintiff
refused to appear, denying the authority of the court to refer,
without his consent, a controversy between him and his attor-
ney, for the trial of which he had a right to a jury. I am un-
able to see why this position of the plaintiff is not sound ; as
the *defendant* (and not the plaintiff,) made the motion to set
aside the execution, because the judgment was settled. And
if this position be sound, it seems to me to lead us directly to
the correct solution of the whole difficulty.

The *allowance* made by the Code is a substitute for and in
strict analogy to the *costs* of the old fee bill ; and the amount
of such allowance is patent on the judgment, as an item *sepa-
rate* from the *plaintiff's damages.* To this limit, the attorney
has, on the judgment roll itself, *prima facie* claim, of which all
parties have legal notice. And in any settlement with the
party, the defendant settles those costs *at .his peril.* But an
agreement as to amount of compensation, made between at-
torney and client under the Code, is utterly indefinite as well
as confined to their own knowledge, and may as well extend
to three-quarters of the whole judgment as to any other amount.
And should there be a dispute between the attorney and his
client, as to what the agreement was, and to what amount it
extended, I know of no short remedy to which an attorney is
entitled, by which to avoid settling that dispute in the usual
way and by the usual tribunals. While, since the tenor and

extent of this agreement can never appear on the record, no party can ever be safe (in settling a judgment) against a claim of an attorney, however exorbitant or unlikely it may appear, but he must abide the due course of an execution, which will necessarily be collected long before the plaintiff and his attorney can have their differences decided.

It therefore seems to me, that while the attorney's lien should be maintained, under as well as before the Code, it should now, as then, be restricted to what appears as costs on the roll. And I would so modify the order of the special term.