Robinson, J.
This was an action for slander, commenced in this court in November, 1871, in which defendant was originally held to bail in two thousand dollars, which was reduced to five hundred dollars, and that sum was, by order, deposited with the clerk of this court, in lieu of bail.
The case, after issue joined, and under the provision of the act of 1870 (ch. 582), was subsequently transferred to the marine court, but no order was then made in respect to the sum on deposit with the clerk, nor was any, until June 10, 1872. The cause was tried in the marine court, June 7, 1872, when a verdict for five hundred dollars was rendered for the plaintiff; and the justice before whom the trial was had thereupon ordered judgment in favor of the plaintiff, against the defendant, for five hundred dollars and costs, and twenty-five dollars allowance.
The judge, however, on a motion for a new trial, ordered a stay of plaintiff’s proceedings, for twenty days. ' Judgment for the five hundred dollars damage and one hundred and sixty-nine dollars costs ($169), was, however, entered by plaintiff’s attorney on J une 14, 1872, while such stay was pending. On June 10, 1872, defendant and his attorney settled with plaintiff, without notice to, or knowledge of his attorney, for one hundred and forty-six dollars, and obtained from him an acknowledgment of satisfaction of the claim, which was filed with the clerk of the marine court, and satisfaction entered of record. He also obtained-a receipt for the amount as in full satisfaction, and also a formal assignment to the defendant of the five hundred dollars recovery, and costs (which operated as a release). Defendant’s attorney thereupon without the knowledge of plaintiff’s attorney, and upon evidence of the satisfaction of the claim, produced an ex parte order from this court (granted by Judge Labbemobe), that the clerk pay over to him the five hundred dollars, *446 and received the money from the clerk, which, on receipt, he immediately paid to his client.
The plaintiff’s attorney, in addition to his claim for the costs of this action, also alleges he had a lien on or interest in the whole judgment by virtue of a verbal agreement which he says was made when he undertook the prosecution ot this suit, that he should hold the claim and any recovery as security for services to be thereafter rendered in that and other matters, and alleges such claims exceed the amount of the recovery.
No notice of any such interest under this special agreement or of any claim to any lien was given by him until June 14, 1872, on the entry of judgment. Without notice by the assignee of any such special interest, any settlement of a controversy between the parties cannot be held to have been in any way fraudulent or made in bad faith on the part of the defendant, simply because the right of the plaintiff’s attorney to costs or compensation is disregarded. Some collusion to defraud the attorney must be shown.
In the present case the cause ■ of action being for a tort that would not survive, it was not assignable, and the color of claim, which the attorney alleges he acquired by agreement with his client when undertaking the prosecution of the suit, in any future recovery (which, however, is denied by his client), presents no ground for Ms interference, especially in the absence of any notice to the defendant with the settlement made by his client and the giving of a complete discharge for the damages that were recovered on the trial. No common law lien attaches upon them in his favor as attorney until he has actually received them {Wait’s Ann. Code, 593, note n).
The remaining consideration is whether such settlement, after verdict but pending a stay for a motion for a new trial, was in derogation of the rights of the attorney to such costs as had accrued at the time of the settle *447 ment. The case was still subjudice on the merits, and it was .evidently made by both parties as a relief from a vexations and harassing personal controversy, in which they had become involved. It is quite apparent that from the personal interests the plaintiff’s attorney assumes he had acquired in the controversy (as dominus litis), and the zeal and personal feeling he had displayed on this motion in upholding them, his client would have fruitlessly applied for his acquiescence in this settlement.
But I fail to appreciate the duty of the court to regard with disfavor such a withdrawal of a mere personal controversy when made between the parties themselves, although without concurrence of their attorneys and in possible defeat of some right to the costs in the action that they might acquire by a future judgment in their client’s favor. On the contrary, “Interest reipubliccB ut sit finis litium;” and an attorney prosecuting a claim in court (especially one founded on such uncertain premises as alleged injury to character through slander) ought not to be heard in opposition to any such a compromise made between the parties previous to his having secured a vested right in the recovery, unless it clearly appears that it has been made collusively and with manifest intention of defrauding him of some certain or vested rights. Until he has acquired such interest he is (as he ought to be) subject to the direction and control of his employer, and it is certainly not until entry of a final judgment that he has acquired as against the defendant a right to any costs that can or may be awarded in the action (Haight v. Holcomb, 16 How. Pr., 173; Rooney v. Second-avenue R. R. Co., 18 N. Y., 368; Adams v. Fox, 40 Barb., 442; McGregor v. Comstock, 28 N. Y., 237).
In Shank v. Shoemaker, 18 N. Y., 489, the court of appeals, in an opinion in which all the judges concurred, held that when a settlement of the action had been *448 effected by the clients before judgment, which was claimed to have been in fraud of the right of the attorney to recover costs, that no such right existed, where the claim of the attorney had not been perfected by judgment, and it adds, “There is no case which goes far enough to show, that a party who has not obtained judgment in his favor, cannot settle a suit because it prejudices the possibility or probability that his attorney may obtain costs by a future trial and a judgment in favor of his client” (See also McDowell v. Second-avenue R. R. Co., 4 Bosw., 670; Pearl v. Robitchek, 2 Daly, 136).
In the present case, at the time of the settlement, a motion before judgment for a new trial upon the judge’s minutes (with a stay of proceedings) was pending ; judgment had not been entered, nor had the attorney acquired as against the defendant any interest legal or equitable which ought to have interfered with the tona fide action of the real parties, or with their complete settlement of the controversy.
Under these views there was no such irregularity in the order made by Judge Labbemobe (because the plaintiffs attorney after settlement of the same was not notified), as should require a disturbance of the order made, and necessitate the' application of the money more in accordance with the right of the parties. Ho substantial injury was thereby done to either client or attorney ; the client neither has nor presents any ground of complaint; and upon the considerations stated the attorney has no grievance that requires redress.
The motion is denied with ten dollars costs ; and as the motion is made solely in the interest of the plaintiffs attorney, and against the action and interests of his client, the costs must be paid by him.