MICHAEL M. TRECY & another *vs.* LUMAN T. JEFTS.

Suffolk. March 14, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Money paid by Mistake — Fraud — Agreement of Compromise.*

A creditor with others signed an agreement giving his debtor time, with an option to settle for fifty per cent, and the debtor, who mistakenly supposed he owed him twice as much as he did, purporting and intending, as the creditor understood, to pay one half the debt, paid the whole amount to the creditor, who knew the mistake, but did not mention it to the debtor. *Held,* that the debtor could recover back one half of the amount paid by him.

HOLMES, J. This is an action to recover money paid by mistake. The verdict was for the plaintiffs. There was evidence tending to show the following facts. The plaintiffs were in trouble, and many of their creditors had signed a paper giving time, with an option to settle for fifty per cent. The plaintiffs owed the defendant $1,014.80, but by a mistake supposed that they owed $2,029.60, twice as much. The defendant knew the mistake, but did not mention it to the plaintiffs. The defendant signed the paper by an agent, and the plaintiffs, purporting and intending to pay one half of their debt, as the defendant understood, paid him the whole amount. If the facts were found to be as above stated, they showed a case of fraud, within the principle of *O'Donnell* v. *Clinton,* 145 Mass. 461.

The money thus obtained by fraud was not payable presently, for the credit given on a considerable part of the items had not

expired. If the transaction had been what it purported to be, the plaintiffs would have been freed from all liability by payment of one half of what they owed. *Brooks* v. *White*, 2 Met. 283, 287. *Bowker* v. *Childs*, 3 Allen, 434, 436. *Hunt* v. *Brown*, 146 Mass. 253, 254. Whether or not on that ground alone the plaintiffs could have held the defendant to admitting that their debt was satisfied by payment of one half of what was actually due, it would seem that they might have sued on the ground that the defendant had no right to that particular money, and that they would not have parted with it but for his fraud. *Commonwealth* v. *Donahue*, 148 Mass. 529. But however this may be, so far as appears, the agreement of compromise was binding within the principle of the Massachusetts cases. *Farrington* v. *Hodgdon*, 119 Mass. 453, 457.

*Exceptions overruled.*

*C. H. Welch*, for the defendant.
*H. G. Nichols*, for the plaintiffs.