HANNORAH DROHAN vs. LAKE SHORE AND MICHIGAN
SOUTHERN RAILWAY COMPANY.

Worcester.    October 3, 1894. — November 30, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Release of Claim — Avoidance of Release — Ratification —
Payment back of Money accepted in Satisfaction.*

A person who accepts a certain sum in satisfaction of a claim for personal injuries, and executes a release therefor under such circumstances as but for the acceptance of the money would entitle him to avoid the same, cannot thereafter, unless fraudulently induced to believe that the money received by him was payment for a part only of his cause of action, avoid the release and maintain an action without first tendering back the sum received.

TORT, for personal injuries occasioned to the plaintiff through the negligence of the defendant, while a passenger on its road, on July 8, 1892.

Trial in the Superior Court, before *Hopkins*, J., who ordered a verdict for the defendant, and, at the request of the plaintiff, reported the case for the determination of this court. The facts appear in the opinion.

*W. A. Gile*, for the plaintiff.

*F. P. Goulding*, (*F. L. Dean* with him,) for the defendant.

LATHROP, J. The plaintiff, while a passenger on the defendant's road, was injured through the defendant's negligence, on July 8, 1892. On the next day she signed an instrument in writing, under seal, by the terms of which she agreed with the defendant company to accept the sum of $1,000 " as full settlement and satisfaction of all claims and demands of every kind, nature, and description which I have or may be entitled to have against the said company by reason of loss or damage to property and for personal injuries " in consequence of the accident, "provided the same is paid me within thirty days from the date hereof."

On August 5, 1892, the defendant tendered the plaintiff the sum of $1,000, which was received by her attorney, who signed the following receipt: "Received of O. G. Getzen Danner, one thousand dollars tendered Mrs. Drohan, August 5, 1892."

The report of the justice of the Superior Court, upon which the case comes before us, proceeds as follows : " There was also evidence tending to show that the release was executed under such circumstances as would have entitled the plaintiff to avoid the same if the sum tendered as provided therein had not been received by her or her attorney. And the court, being of opinion that she could not maintain her action without first tendering back the sum so received, ordered a verdict for the defendant."

Before making this ruling, the judge had excluded two letters offered in evidence by the plaintiff. One of these is dated July 18, 1892, and is addressed by the counsel for the defendant to the counsel for the plaintiff,* and the other is dated July 20, 1892, and is addressed by the counsel for the plaintiff to the counsel for the defendant. The first tends to show that the defendant contended that the agreement of July 9, 1892, was binding on the plaintiff, but did not know whether the defendant would pay the amount agreed upon. The other letter expresses a doubt whether the plaintiff will accept the amount mentioned, on the ground that the settlement was made when the plaintiff was injured, " and under the immediate physical and mental effect of such an accident." This letter concludes as follows : " I shall be glad to hear if you are to send a representative of your road here for a settlement, and when we may expect him, for I hope, if you desire to settle, it will be done this week, while her son, Father Drohan, is here, but she could not recognize any agreement or writing made under the circum- stances in which I am informed this was."

If we assume, in favor of the plaintiff, that these letters were admissible, we do not see that they help her contentions, but, on the contrary, we are of opinion that they aid the case of the

---

* This letter, signed by O. G. Getzen Danner and addressed to Mr. W. A. Gile, was as follows: " I beg to advise you that Mrs. Drohan signed an agreement to settle with this company for the sum of one thousand dollars. I do not know whether or not we shall decide to settle for this amount, until we learn more fully the extent of her injuries. I do know, however, that at the time she signed this agreement, the amount being fixed at her own suggestion, that she was perfectly capable of entering into a contract. In fact, one of the witnesses to her agreement is her son, the Rev. Father N. J. Drohan."

defendant.   Taken in connection with the other facts set forth in the report, they show that, after the plaintiff had signed an agreement to give a release, which was voidable on account of her condition at the time of signing, she consulted counsel, and this matter was presented to her mind, and she contemplated avoiding the agreement; but subsequently, nearly a month afterwards, the sum stated in the agreement was tendered to her, and her counsel, it must be assumed with her consent, received it, and signed a receipt for it.   There is nothing in the report to show that any fraud was practised upon her at any time, nor is there anything to show that at the time she received the money she and her counsel did not fully understand what she was doing.   When the tender was made of the amount mentioned in the agreement of July 9, and was received by her, without objection from her or her counsel, we can have no doubt that she adopted and ratified the former agreement.   If either of them had any concealed intention to the contrary, it would be bad faith, and could not be shown.   *Alden* v. *Thurber,* 149 Mass. 271, 275.   See also *O'Donnell* v. *Clinton,* 145 Mass. 461; *Rosenberg* v. *Doe,* 146 Mass. 191; *Mansfield* v. *Hodgdon,* 147 Mass. 304.   The verdict ordered for the defendant might well rest upon the ground of ratification.

As, however, the ruling of the court proceeded upon the ground that the action could not be maintained without first tendering back the money received, we proceed to consider this point.

The general rule is well settled, that, if a person enters into a contract, and afterwards seeks to avoid the effect of the contract on any ground that will entitle him to rescind it, he must first restore what he has received.   *Coolidge* v. *Brigham,* 1 Met. 547. *Estabrook* v. *Swett,* 116 Mass. 303.   *Brown* v. *Hartford Ins. Co.* 117 Mass. 479.   *Burton* v. *Stewart,* 3 Wend. 236.   *Bain* v. *Wilson,* 1 J. J. Marsh. 202.

In *Mullen* v. *Old Colony Railroad,* 127 Mass. 86, which was an action for personal injuries, the defence was a settlement of the case for $450, by an instrument in writing signed by the plaintiff by his mark.   The plaintiff's evidence tended to show that he was blind and illiterate, and that he was induced to affix his mark to the paper by fraudulent representations that

the money was given to him as a gratuity, and to support him until the trial, and without prejudice to his claim against the defendant. The court held that, if the jury believed this evidence, it was not necessary for the plaintiff to pay the money back. In other words, the decision was, that if the payment was a gratuity, or related to a part only of the cause of action, it was not necesary to return the money, so far as the rest of the cause of action was concerned. See also *O'Donnell* v. *Clinton*, 145 Mass. 461; *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447.

In the case at bar there is nothing to show that the plaintiff was fraudulently induced to believe that the money which she agreed to receive, and which she did receive, was payment for a part of her cause of action. The case, therefore, falls within the general rule, and the ruling was right.

*Judgment on the verdict.*