CHARLES M. BRUCE, assignee, *vs.* CARL P. ANDERSON
& another.

Middlesex.    March 8, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Judgment — Attorney's Lien — Exceptions.*

At the trial of an action brought by an assignee in insolvency upon a judgment
recovered by the insolvent, it appeared that the first publication of notice was
on June 8, 1898; and that two days later the insolvent's attorney, who had had
charge of the case in which the judgment was recovered, took out a third execu-
tion for the amount remaining unpaid, namely, $293.77, and the next day collected
$200, agreeing to receive that sum in full satisfaction, and surrendering the exe-
cution to the defendant. The jury were instructed that they should allow the
defendant the fees and disbursements of the attorney in the former case, which
the jury fixed at $50, but that they should not allow the residue of the pay-
ment, as the defendant had no right to settle with the attorney after June 8.
The defendant did not contest his liability for the amount of the execution in
excess of the settlement, but excepted to the refusal to allow him the full amount
paid. *Held,* that the instruction was correct.

CONTRACT, upon a judgment recovered on July 9, 1897, in
the First District Court of Eastern Middlesex, by James Hen-
derson and John D. Henderson, copartners doing business under
the firm name of Henderson Brothers, against the defendants
in the present action, for $631.39 damage, and $12.38 costs of
suit, making $643.77. At the trial in the Superior Court,
before *Blodgett,* J., the jury returned a verdict for the plaintiff in
the sum of $240.46, crediting the defendants with a payment of
$50 to one Roberts, attorney for the plaintiffs in the former case,
and another payment made to the original plaintiffs of $22, and
not allowing the remainder of the payment of $200. The de-
fendants alleged exceptions, which appear in the opinion.

*D. P. Bailey,* for the defendants.

*C. O. Engstrom,* for the plaintiff.

HOLMES, C. J. This is an action brought by an assignee in
insolvency upon a judgment recovered by the insolvent. The
first publication of notice was on June 8, 1898. On June 10,
1898, the insolvent's attorney, who had had charge of the case in
which the judgment was recovered, took out a third execution

for the amount remaining unpaid, namely, $293.77, and the next day collected $200, agreeing to receive that sum in full satisfaction, and surrendering the execution to the defendants. At the trial of the present action the jury were instructed that they should allow the defendants the fees and disbursements of the attorney in the former case, (which the jury fixed at $50,) but that they should not allow the residue of the payment, as the defendants had no right to settle with the attorney after June 8. The defendants do not contest their liability for the amount of the execution in excess of the settlement, but they are here on exceptions to the refusal to allow them the full amount paid.

As it is agreed that the settlement was not binding, it is not necessary to spend time upon that. *Wilson* v. *Hatfield*, 121 Mass. 551. *Weber* v. *Couch*, 134 Mass. 26. A question might be raised, however, whether, if the assignee repudiated it, he is not bound to restore the money which the defendants paid in pursuance of it. *Drohan* v. *Lake Shore & Michigan Southern Railway*, 162 Mass. 435. *Moore* v. *Massachusetts Benefit Association*, 165 Mass. 517. See *Trecy* v. *Jefts*, 149 Mass. 211, 212. But the exceptions were not intended to raise the question, and it was not argued. Probably the answer would be that, as the amount was indisputably due and was admitted to be due, the payment was to be referred to the judgment and not to the settlement avoided. *Cobb* v. *Tirrell*, 137 Mass. 143, 146. *Cobb* v. *Fogg*, 166 Mass. 466, 479.

Apart from the lien of the attorney under Pub. Sts. c. 159, § 42, the payment by the defendants would be invalid as against the plaintiff. *Butler* v. *Mullen*, 100 Mass. 453. But of course the lien was not defeated by the insolvency. So the inquiry is narrowed to whether the attorney, notwithstanding the insolvency, had a right to collect more than the amount of his lien. This question must be decided in the same way in which it would have been decided if the defendants had known of the insolvency and had paid the attorney against the protest of the assignee. See Pub. Sts. c. 157, §§ 17, 46. *Edwards* v. *Sumner*, 4 Cush. 393. The question is as to the attorney's technical rights.

We are of opinion that the attorney had not the right to collect more than the amount of his lien, and that the ruling

of the court below was correct. Although the lien is statutory, it is reasonable to suppose that the statute in adopting the familiar terms meant also to adopt the doctrine of the English law. It is true, no doubt, that the lien is upon the whole sum recovered, (*Baker* v. *Cook*, 11 Mass. 236, 238,) and that when a judgment is for costs only, the whole amount may be due to the attorney. *Woods* v. *Verry*, 4 Gray, 357, 359. See *Horton* v. *Champlin*, 12 R. I. 550. It is true that the attorney has been spoken of in some cases as standing like one to whom the judgment has been assigned as collateral security. *Martin* v. *Hawks*, 15 Johns. 405. *McDonald* v. *Napier*, 14 Ga. 89, 111. *Newbert* v. *Cunningham*, 50 Maine, 231, 233. Yet even in New York that expression has been criticised, and it would seem that after an assignment for the benefit of creditors the attorney could not collect the judgment generally, or do more than is necessary to enforce his lien. *Merchant* v. *Sessions*, 5 N. Y. Civ. Proc. Rep. 24, 26. *Adams* v. *Fox*, 40 Barb. 442, 446, 447. In *Adams* v. *Fox*, as in other American cases, the doctrine of the English decisions is accepted without dissent.

According to the English decisions the attorney's lien " is merely a claim to the equitable interference of the court to have that judgment held as a security for his debt." But the attorney is not the *dominus litis*, and in the case from which the foregoing words were taken it was held, and said by Baron Parke to be perfectly clear, that the attorney had no right to carry the execution into effect against the order of the plaintiff, although the plaintiff and defendant had colluded together to defeat the lien. *Barker* v. *St. Quintin*, 12 M. & W. 441, 451. *Brunsdon* v. *Allard*, 2 El. & El. 19. *Mercer* v. *Graves*, L. R. 7 Q. B. 499. *Horton* v. *Champlin*, 12 R. I. 550. Although the decision in *Barker* v. *St. Quintin* may be inconsistent with *Newbert* v. *Cunningham*, 50 Maine, 231, these cases are enough to establish that the attorney does not stand in the technical position of an assignee of the judgment; and unless he does stand in that position his right to collect more than is necessary to give him his fees and disbursements falls. We do not know of any decision opposed to that which we make, although the reasoning in *Newbert* v. *Cunningham* and some of the New York cases tends somewhat the other way. *Exceptions overruled.*