## QUESTIONS AS TO A RELEASE IN AN ACTION FOR DAMAGES FOR INJURIES.

Court of Appeals for Hamilton County.

SWAIN C. BROWN v. THE KIECHLER MANUFACTURING COMPANY.

Decided, January 8, 1917.

*Release—Proper Procedure Where Set up by the Defendant—Determination Necessary as to Whether the Paper is Voidable—Then as to Whether it is Void—Not an Abuse of Discretion to Refuse to Permit Amendment of Petition at Close of All the Evidence, When— Negligence in Operation of a Machine.*

1. The defendant in an action for injuries having set up a release, the question first to be determined upon trial of the case is as to the voidability of the release, the evidence failing to warrant the court in setting the release aside, the question then arises whether or not it was void *ab initio*.

2. Where the evidence has failed to establish the voidability of a release, but the plaintiff in his reply denies its execution, it becomes the duty of the court to submit to the jury all the evidence, both as to execution of the release and the negligence of the defendant in causing plaintiff's injuries.

3. An admission by the plaintiff that he signed the release, together with evidence that he received a substantial consideration therefor, bars recovery in the absence of any showing of lack of mental capacity or of fraud in securing his signature thereto.

4. It further appearing from the evidence that the machine plaintiff was operating at the time he received his injury was not defective in the particular alleged, but, on the contrary, that it was in good working order, and that his injury was due to his attempting to operate it in a manner different from that directed by the foreman, it was not error to direct the jury to return a verdict for the defendant on the ground, among others, that he had failed to establish any defect in the machine of the character set out in his petition.

5. Nor is it an abuse of judicial discretion to refuse to permit a plaintiff to amend his petition, at the conclusion of all the evidence, by adding the allegation that the machine was defective in a manner to him unknown.

*Galvin & Bauer,* for plaintiff in error.

*Robertson & Buchwalter* and *Benton S. Oppenheimer,* contra.

GORMAN, J.

Plaintiff in error is asking this court in this proceeding to reverse a judgment of the Superior Court of Cincinnati, which court upon the conclusion of all the evidence arrested the case from the jury—or rather, upon motion of the defendant instructed a verdict in favor of the defendant.

The plaintiff in error, the plaintiff below, sought to recover damages for personal injuries claimed to have been sustained while in the employ of the defendant, whereby he lost parts of four fingers on his left hand while working upon a machine for the defendant. In his amended petition plaintiff sets out that on the 21st of July, 1913, he was employed in the machine shop of the defendant, and assigned by the foreman on that day to operate a stamping machine used by the defendant in such shop; that while operating said machine his left hand was caught and four fingers severed therefrom; that the machine was defective and known by the defendant to be so for some time previous to the happening of the accident. The particular defect alleged in the amended petition was that the clutch of the machine failed to act; that the threads of the cog or clutch had become worn from use so that the die which stamped the metal upon which it was impressed, was released by reason of said defective clutch and came into contact with plaintiff's left hand thereby causing his injuries. Plaintiff further set out the nature and extent of his injuries, the length of time he was confined to the hospital and loss of his wages, and asked $10,000 damages. The plaintiff further set out in his amended petition that on the 31st of July, 1913, ten days after he was injured and while he was in the hospital to be cured of his wounds and previous to the filing of his petition herein, the defendant paid him the sum of $150 and that the plaintiff signed a receipt therefor. He further averred that the defendant now asserts that said paper

so signed was a release to the defendant for all liabilities for the injuries sustained by him as aforesaid, but plaintiff says that at the time of signing said paper and receiving such money he was very weak in mind and body, and that he had no one to counsel or advise with respecting the nature and effect of such paper and that the same was signed by him in ignorance of its meaning and effect; that said paper writing was not a release by him, or intended to be such, of the liability of said company to him; and that as soon as he realized the purport and meaning of said paper writing he tendered to the defendant the said sum of $150 so received by him, which was refused. Plaintiff says that he stands ready and willing to pay over the said sum to the defendant upon demand at any time.

The defendant answered the amended petition, and for a second defense set up a certain release which it claims plaintiff signed, in which he released the defendant from any and all liability on account of any negligence which resulted in the injuries of plaintiff by said machine.

To this answer plaintiff filed a reply in which he denied each and every allegation of defendant's defense with reference to the release. And further the plaintiff in his reply says that if he signed said document described in said answer, which he denies, he was not aware of its true import and meaning and that by reason of illness and weakness of body and mind he was unable to and did not understand the true nature and purpose of said alleged agreement, but on the contrary was made to believe by defendant and its agents that the $150 paid to him on said occasion was justly due him from insurance carried by the defendant company for his use and benefit.

When the case was called for trial the judge upon reading the pleadings stated to counsel that there was a question first to be determined by the court without the intervention of a jury; that that was the question of the voidability of the release and that it would have to be first determined before the question of the liability of the defendant company on account of any alleged negligence could be heard.

The court heard the evidence upon the question of the voidability of the release, and upon the conclusion of all the evidence held that the plaintiff had failed to establish by clear and convincing evidence the voidability of the release.

The trial court held that the question of the voidability of the release was not one to be submitted to a jury, but was one to be determined entirely by the court under the settled rules of equity.

It was held in the case of *Perry* v. *O'Neil*, 78 O. S., 209, that:

"If the party suing to recover for personal injuries admits the execution of a release and seeks to avoid it on equitable grounds, he must obtain that relief to maintain his action; when he denies the execution of the release, or that it is his act, on the ground of want of mental capacity at the time he signed it, or that his signature to the release was procured by fraud, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which he did not intend to give, he may maintain his action without obtaining a decree. In other words, if the release is void he may ignore it in his petition, and if it is plead as a bar in the answer he may in his reply plead the facts that make it void; and if it is not void but only voidable, he must, to maintain his action, obtain its rescission or cancellation."

It would appear, therefore, that there was presented to the trial court below, first, the question of the voidability of the release; and second, under the pleadings as we read them, the question of whether or not the release was void.

Upon the question of the voidability of the release it was the province of the court to hear the evidence and determine whether or not the plaintiff had produced evidence sufficient to warrant the court in setting aside the release and holding it to be voidable. The evidence to establish that fact must be clear and convincing, as has been held by this court and other courts in many cases that might be cited. We are not prepared to say that the trial court erred in holding that the plaintiff failed to establish the voidability of the release by clear and convincing evidence.

After the court had heard the evidence upon the question of the voidability of the release, counsel for defendant moved the court to, instruct the jury to return a verdict in favor of the defendant. This motion the court overruled upon the ground that it appeared from the reply of the plaintiff that he denied the execution of the release, and this, if true, would make the release void and not voidable. If the release was void and not voidable, the facts which would make it void should be passed upon by the jury, and it was therefore the duty of the court to submit, the question of whether or not the release was void to the jury, together with all the evidence tending to support the plaintiff's claim as to the negligence of the defendant in causing the plaintiff's injuries.

The court thereupon submitted to the jury the facts which the plaintiff had adduced in order to establish his case, and it appeared from the evidence during this trial to the jury that the plaintiff admitted the signing and execution of the release. The trial court was of the opinion that in view of the fact that plaintiff admitted that he signed the release and in the absence of any showing of lack of mental capacity or any fraud in inducing him to sign it, and the fact that he had received the consideration of $150 for the signing of the release, there was nothing for the jury to pass upon as to that question; and that the release, being valid, was a bar to the plaintiff's right to recover.

Furthermore, it appeared in the evidence that there was no defect in the machine such as was claimed by the plaintiff in his amended petition, as before stated, "that the threads of the cog or clutch had become worn from use so that the die which stamped the metal upon which it was impressed was released because of such defective clutch." The evidence clearly showed that there were no threads upon the cog and there was no cog at all upon the machine. There was a clutch, which consisted of a "shoulder" of iron which fit into a corresponding depression in another disk. In other words, there were two disks; upon the one there was a shoulder and upon the other disk there was a depression into which the shoulder fitted exactly, and when these two disks came together and the shoulder was let into the depres-

sion the disks were thereby brought into close contact and held together by the shoulder, which caused the machine to revolve.

At the conclusion of all the evidence the court instructed the jury to return a verdict in favor of the defendant, on the grounds, first, that the plaintiff had failed to establish by clear and convincing evidence the voidability of the release; and secondly, that the plaintiff's own testimony showed the release to be valid and not void; and thirdly, that plaintiff had failed to establish any defect in the machine such as he set out in his amended petition.

While the court was in the act of deciding the motion for an instructed verdict, counsel for plaintiff asked leave to amend his amended petition by setting out that the machine was defective in some way unknown to the plaintiff and that this defect was the cause of plaintiff's injury. The trial court refused to permit such an amendment to be made, and one of the errors complained of is that there was an abuse of the court's discretion in refusing the plaintiff leave to amend at the time the request was made.

With the whole record before us, as it was before the trial court, we are not prepared to say that the court abused its discretion in refusing to permit the amendment to be made as requested by plaintiff. If after the entire evidence was offered in the trial of the case plaintiff's counsel was unable to show in what respect the machine was defective, we think the trial court was justified in refusing to permit him to set up as an amendment to the petition that there was a defect in the machine unknown to the plaintiff. If he did not know of the defect after the entire case had been heard and after investigation made by him before he began his case, it was not probable that he would be able to show what the defect was if he had been given the opportunity to amend by setting out that there was a defect unknown to him.

Upon reading the entire record we are further of the opinion that the record discloses that the plaintiff brought about his injuries by his own negligence. It appears from the undisputed evidence in the case that a man named Harris, who was a fellow-workman of the plaintiff, was employed at the time that plaintiff

was injured in the operation of the machine on which plaintiff was injured; that he was stamping out what is known as "slats" used in refrigerators. He was putting a crimp, as it were, in each one of these galvanized sheet-iron slats. Brown, who was working at what is known as a shearing machine, desiring to stamp out some slats upon the machine at which Harris was at work, came along without being ordered so to do by the foreman or superintendent of the company, and said to Harris, who was sitting at the machine operating it, "Let me get at that machine and show you how to operate it." Thereupon Harris arose and Brown began to feed the machine by shoving in slats at the front of the machine instead of pushing them in at the side as Harris had been instructed to do. Harris called his attention to the fact that the foreman had instructed him not to feed the machine that way, but to feed it from the side; but Brown insisted, telling him that the way in which he was feeding the machine was the correct way. And while telling Harris that this was the correct way, the die came down and severed his fingers. It further appears from the undisputed evidence that immediately an engineer and mechanic of defendant's plant came to the machine and found no defect in the machine whatsoever. It operated all that day, before Brown was hurt, and continued to operate thereafter, without any repairs or alterations being made therein.

Under the circumstances of the case it appears to the court, even if the release had been voidable or void and so found by the court and jury, nevertheless on the undisputed facts of the case the plaintiff would not be entitled to recover, because the injuries which he suffered were due solely to his own negligence, as there appears to be no evidence of any negligence at all upon the part of the defendant.

Furthermore, it appears from the record that the plaintiff and his wife received the sum of $150 at the time he signed the release. This $150 was in the shape of a check which was deposited in bank by the plaintiff and his wife, and the proceeds of the check were used by them; and neither the plaintiff nor any one for him tendered back the $150 up to the time the case was submitted to the court and jury. We think it is elementary

that a release can not be avoided unless the consideration received by the person signing the release has been restored and restitution has been made or a tender back of the consideration.

The general rule is well settled that if a person enter into a contract and afterwards seek to avoid the effect of the contract upon any ground that will entitle him to rescind it, he must first restore the consideration, or what he has received or tender it back. He can not have his loaf and eat it. *Drohan* v. *Ry. Co.*, 162 Mass., 435, 437; *Insurance Co.* v. *Burke*, 69 O. S., 294.

We find no errors in the record of this case that would warrant the court in reversing the judgment, and the same is therefore affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.

---

## VALIDITY OF PROVISION FOR ADDITIONAL SALARY TO COMMON PLEAS JUDGES.