NELLIE A. RICHARDSON *vs.* ARTHUR BROWN.

Middlesex.   .March 18, April 4, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Implied.   *Volunteer.*

The owner of real estate, intending to convey it in fee to a purchaser, conveyed only three undivided quarters.     Before the mistake could be corrected, a creditor of the owner, intending to bring an action against

him, instituted an action in which he named as defendant one of the same first and last name as the owner's but with a different middle initial, and made a general attachment of real estate in the county where the land was. Thereafter the owner conveyed the remaining one quarter undivided interest to the purchaser. The creditor, discovering his mistake, subsequently amended his writ to give the original owner's correct name, purported to make an attachment by special precept, procured a judgment and execution, and began proceedings for a sale of the real estate. The purchaser brought a suit in equity to remove the cloud on her title. The court refused to enter an injunction *pendente lite* and the sheriff insisted upon proceeding with the sale. The plaintiff then paid the amount of the execution, protesting that he did not admit the validity of the attachment, and amended his suit into a supplementary bill seeking repayment of the amount thus paid to the sheriff to prevent the sale. *Held,* that the supplemental suit could not be maintained, the payment by the plaintiff having been as a volunteer, he having been secure in his title without it and it not having been brought about by fraud, mistake or duress.

BILL IN EQUITY, filed in the Superior Court on January 10, 1925, to clear a cloud from the title to certain real estate.

After payment by the plaintiff to the defendant Arthur Brown of $1,938.89 in the circumstances described in the opinion, the plaintiff was permitted on May 5, 1926, to file a supplemental bill to require the repayment of that sum to her.

The supplemental bill was heard by *Cox, J.* Material facts are stated in the opinion. The judge ordered the entry of a final decree directing the repayment sought by the plaintiff, and reported the suit to this court for determination.

*M. Z. Kolodny,* for the plaintiff.

*A. S. Allen, C. C. Steadman, & A. L. Richards,* for the defendant Arthur Brown, submitted a brief.

WAIT, J. The essential facts which must be considered in reaching the decision of this case are as follows: William A. Higgins, who was indebted to Arthur Brown, owned real estate in Middlesex County which, on March 27, 1922, he agreed to sell to Nellie A. Richardson. On May 8, 1922, he made a deed of the land to her which was intended to convey the entire fee but by mistake conveyed only three quarters undivided. He made a further deed to her of the remaining one quarter on November 16, 1923. In March, 1922, Arthur

Brown, intending to sue William A. Higgins, his debtor, brought suit against William F. Higgins and attached the real estate of William F. Higgins. There was no such person as William F. Higgins. Learning of his mistake, Brown, on May 27, 1924, amended his writ so that it ran against "William F. Higgins otherwise known as William A. Higgins," and attached the real estate by special precept. Nellie A. Richardson received her deeds without notice of any attachment against land of William A. Higgins, and had, so far as appears, a perfect title against the world. Brown got judgment against Higgins on December 1, 1924, and on December 3, Tucker, a deputy sheriff, levied an execution issued on the judgment and began proceedings for a sale of the premises set for January 14, 1925, to satisfy the execution. The plaintiff wished to prevent any sale. She brought a bill in equity against Brown and Tucker, setting out the foregoing facts, alleging that her title was clouded and asked for a temporary and a permanent injunction against the sale. Her prayer for a temporary injunction was denied on January 13, 1925. Tucker insisted on proceeding with the sale pending the bill in equity; but accepted from her on January 14, 1925, the amount due on the execution with his costs. She protested that she was not paying the execution; that the attachment and the levy of execution were invalid against her and the sale wrongful; that she paid and only paid to prevent the sale; that she intended to go on with her bill in equity to determine the validity of attachment and levy and to recover the sum paid to prevent the sale. He, in fact, applied the money upon the execution, returned it to court satisfied, and paid over the amount received less his fees, to Brown, the judgment creditor. No fraud was practised upon her. Tucker insisted on a sale. He did not insist upon payment of the execution and costs by her, but he would not abandon his sale for a less sum. Her motive in preventing a sale does not appear. All the sheriff could have sold was the interest of William A. Higgins in the land. If he had no interest, the sale could not deprive the plaintiff of any title in the land. She could not be dispossessed at the suit of the purchaser. She was not

obliged to do anything.  She could remain quiet in possession of her land in confident assurance that no one could successfully assail her.  After refusing to rely upon her legal position and her pending suit in equity to secure her against loss, she cannot recover what she paid to gratify her determination that no sale should take place.  Such a payment is voluntary within the rules established by our decisions.  There is no fraud, no mistake and no duress. *Forbes* v. *Appleton*, 5 Cush. 115.  *Benson* v. *Monroe*, 7 Cush. 125, 131.  *Cook* v. *Boston*, 9 Allen, 393.  See also *Preston* v. *Boston*, 12 Pick. 7, 13.

It follows that the order for a decree must be reversed and a final decree be entered dismissing the bill with costs.

*So ordered.*