ROSE McLAUGHLIN *vs.* EXCHANGE TRUST COMPANY.

Suffolk.   January 6, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Implied.  *Mortgage*, Of real estate: bonus for loan, conveyancer's fee.

At the trial of an action against a trust company by a mortgagor of real estate for money alleged to have been had and received by the defendant, the mortgagee, to the use of the plaintiff, items stated in an account annexed were an item under the date of the signing of a second mortgage note on the premises and corresponding to a conveyancer's fee, an item under date of the payment of a first mortgage corresponding to a commission or bonus, and a like item under the date of the payment of the second mortgage.  It appeared that a separate conveyancer's fee had been charged and paid by the defendant at the time each mortgage note was signed, and the evidence did not warrant a finding that either of the conveyancing fees was unreasonable in amount, was not actually paid by the defendant or for any reason was improperly charged to the plaintiff.  There was no evidence that the payments made by the plaintiff which he sought to have paid back were not voluntary, and no evidence of compulsion or that the defendant had concealed the fact that the bonuses had been charged to the loans or had represented expressly or by implication that they had not been so charged or that when the notes were paid the plaintiff did not know that the bonuses had been so charged.  There was evidence that the plaintiff protested as to a payment of a bonus before paying the second mortgage note. A verdict was ordered for the defendant.  On exceptions by the plaintiff, it was *held*, that

(1) The payments having been made voluntarily, that is, without mistake of fact, fraud or compulsion, though under protest, they could not be recovered;

(2) The verdict properly was ordered.

CONTRACT for money had and received by the defendant to the plaintiff's use, set out in three items in an account annexed as follows: October 20, 1925, $40; December 2, 1926, $250; September 20, 1927, $250.  Writ in the Municipal Court of the City of Boston dated January 12, 1929.

On removal to the Superior Court, the action was tried before *Gray*, J.  Material evidence is stated in the opinion.

At the close of the evidence, the judge granted a motion by the defendant that a verdict be ordered in its favor. The plaintiff alleged exceptions.

*R. B. Owen,* for the plaintiff.

*C. C. Barton,* (*G. W. Tibbetts* with him,) for the defendant.

FIELD, J. In this action of contract on an account annexed for money had and received to the plaintiff's use the plaintiff seeks to recover two amounts of $237.50 each, charged by the defendant as bonuses or commissions on two construction mortgage loans of $9,500 each, and $42.50 charged as a conveyancer's fee in connection with the second mortgage loan. A verdict for the defendant was directed at the close of the plaintiff's case and the plaintiff excepted.

The evidence tended to show the following facts: The plaintiff applied in writing to the defendant for two loans of $9,500 each for six months with interest at seven per cent, to be secured by mortgages of real estate. She gave to the defendant one note for $9,500 on these terms, dated April 8, 1925, and another, dated October 20, 1925. From time to time money was advanced by the defendant on the note by being deposited to the account of the plaintiff's brother, who represented her in all matters connected with these loans. The sum of $237.50, a bonus or commission of two and one half per cent, was charged to the first loan on May 11, 1925, and the same amount to the second loan on October 26, 1925. Two fees paid by the defendant to its conveyancer, amounting respectively to $67.50 and $42.50, were charged to these loans. The first note was paid on December 2, 1926, the second, on September 20, 1927.

There was evidence that the written applications for loans provided for such commissions and that each note bore a typed reference to a two and one half per cent commission, but the plaintiff's brother testified that the written applications contained no such provisions when delivered to the defendant and that the notes bore no such references to commissions when signed by the plaintiff. There was evidence that each application contained an agreement that the mortgagor should pay the expenses of an examination of title, and of drawing and recording the mortgage, but the

plaintiff's brother testified that "there was one lot and only one title deed, the splitting into two was done by the witness."

A verdict for the defendant was directed rightly.

The evidence did not warrant a finding that either of the conveyancing fees charged to the loans was unreasonable in amount, was not actually paid by the defendant or for any reason was improperly charged to the plaintiff. Whether there are other grounds which prevent recovery in this action need not be considered.

So far as the bonuses or commissions are concerned, the action is brought to recover overpayments to the extent of such bonuses or commissions alleged to have been made at the times the notes were paid. If these payments were made voluntarily, that is, without mistake of fact, fraud or compulsion, though under protest, they cannot be recovered. *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, 289. *French* v. *Kemp,* 253 Mass. 75, 79. *Richardson* v. *Brown,* 260 Mass. 509. The evidence did not warrant a finding that the payments were not voluntary. There was no evidence of compulsion and none that the defendant concealed the fact that the bonuses or commissions had been charged to the loans or represented expressly or by implication that they had not been so charged. Nor could it have been found that when the notes were paid the plaintiff did not know that the bonuses or commissions had been charged to the loans. On the contrary, her brother testified, in substance, that, when he paid the first note, he knew that he was being charged the bonus or commission thereon, and that when he paid the second note he protested. *O'Donnell* v. *Clinton,* 145 Mass. 461 and *Trecy* v. *Jefts,* 149 Mass. 211, relied on by the plaintiff, are distinguishable in their facts.

Exceptions to the admission of evidence were not argued and are treated as waived.

*Exceptions overruled.*